GERZENY, APPELLEE, *v.*
RICHFIELD TOWNSHIP ET AL., APPELLANTS.

[Cite as Gerzeny v. Richfield Township (1980),
62 Ohio St. 2d 339.]

(No. 79-1494—Decided June 18, 1980.)

*Gaines, Stern, Schwarzwald & Robiner Co., L.P.A., Mr. Donald M. Robiner* and *Mr. James M. Mackey,* for appellee.
*Brouse & McDowell Co., L.P.A., Mr. Joseph M. Holden* and *Ms. Linda B. Kersker,* for appellants.

*Per Curiam.* In addition to several enumerated "Permitted Uses" of property in an R-1, rural residential, district, the Richfield Township Zoning Resolution (hereinafter "resolution") sets forth a list of "Conditionally Permitted Uses." Use of R-1 property for private parks and playgrounds does not constitute a permitted use under the resolution. The resolution does, however, authorize the board to issue conditional zoning certificates permitting use of R-1 property for private parks where at least 100 acres of land can be dedicated to such use and where certain other standards can be met by the applicant for such a permit.[1]

---

[1] Section 402-(2)(B) of the resolution provides:

*"Conditionally Permitted Uses*

"The Board of Zoning Appeals may issue Conditional Zoning Certificates for uses listed herein subject to the general requirements of Article VIII and to the specific requirements of Article VIII referred to below:

"* * *

"2. Minimum of One Hundred (100) acre tract of privately owned and/or operated park, playground or golf course subject to Subsections 102, 103, 104, 105, 109, 111, 117."

The relevant general requirements of Article VIII, set forth in Section 801-2, are as follows:

*"General Standards*

"The Board of Zoning Appeals shall review the particular facts and circumstances of each proposed use in terms of the following standards and shall find adequate evidence showing that such use on the proposed location:

"1. will be harmonious with and in accordance with the general objectives or with any specific objective of the Land Use and Thoroughfare Plan of current adoption;

"2. will be designed, constructed, operated, and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that such use will not change the essential character of the same area;

"3. will not be hazardous or disturbing to existing or future neighboring uses;

The inclusion of conditional use provisions[2] in zoning legislation is based upon a legislative recognition that although certain uses are not necessarily inconsistent with the zoning objectives of a district, their nature is such that their compatibility in any particular area depends upon surrounding circumstances.[3] Thus, the legislative body provides for their inclusion in a district only upon administrative approval granted in accordance with legislatively prescribed standards and conditions.[4]

R. C. 519.14 provides:

"4. will not be detrimental to property in the immediate vicinity or to the community as a whole;

"5. will be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal and schools; or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such service;

"6. will be in compliance with State, County, and Township regulations;

"7. will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads."

The relevant specific requirements of Article VIII, contained in Section 802, are as follows:

"102. Loud speakers which cause a hazard or annoyance shall not be permitted.

"103. All points of entrance or exit shall be located no closer than two hundred (200) feet from the intersection of two major thoroughfares; or no closer than one hundred (100) feet from the intersection of a major thoroughfare and a local or collector thoroughfare.

"104. There shall be no more than one (1) advertisement oriented to each abutting road identifying the activity.

"105. No lighting shall constitute a nuisance and shall in no way impair safe movement of traffic on any street or highway; no lighting shall shine directly on adjacent properties."

"109. Such uses shall not require uneconomical extensions of utility services at the expense of the community."

"111. Such uses should be properly landscaped to be harmonious with surrounding residential uses."

"117. All permitted installations shall be maintained in a neat, orderly condition so as to prevent injury to any single property, any individual, or to the community in general."

[2] The zoning mechanism is variously referred to as "conditional uses," "special uses," and, with less accuracy, "special exceptions."

[3] Note, The Administration of Zoning Flexibility Devices: An Explanation for Recent Judicial Frustration, 49 Minn. L. Rev. 973, 997.

[4] See, generally, 5 Williams, American Land Planning Law, Sections 148.01 *et seq.;* Section 149.03.

"The township board of zoning appeals may:
"* * *

"(C) Grant conditional zoning certificates for the use of land, buildings, or other structures *if such certificates for specific uses are provided for in the zoning resolution.*" (Emphasis added.)

Thus, the statute does not vest township boards with power to grant conditional zoning certificates independent of the zoning resolution. Rather, the board's power to issue such a certificate is no greater than that vested in it by the township zoning resolution. Furthermore, R. C. 519.14(C) authorizes, but does not require, township zoning resolutions to place various types of uses in the special permit category.

"This decision on the availability of such permits is made in the ordinance, not the statute, and so the [board's] power derives from the same source." 5 Williams, American Land Planning Law, 139, Section 148.03.

Appellee herein has raised various objections to the conditional use provisions of the Richfield Township Zoning Resolution insofar as it deals with the establishment of a private park in an R-1 district. He asserts that the 100-acre minimum requirement is unreasonable, arbitrary and capricious and hence unconstitutional. He asserts further that the general standards under which the board is to exercise its discretion in granting conditional use permits are so broad as to constitute an unlawful delegation of legislative power. However, in making such challenges appellee attacks the validity of a legislative provision the benefits of which he is at the same time seeking. In an early and often-cited case dealing with the conditional use zoning mechanism, this court noted the following in response to similar arguments:

"[A]lthough there may be doubt as to the constitutionality of this portion of the ordinance by which the legislative body of a municipality has sought to delegate to itself, acting jointly with others in an administrative capacity, an unqualified permit-issuing power unaccompanied by any legislative prescription of the circumstances and standards which shall govern its exercise, we do not believe that relator in this action has any standing to raise this objection. * * *[T]he theory of the action is obviously not to compel the

building inspector to issue an ordinary building permit. It is to compel the village and zoning commissions which are the named respondents, to issue the 'special permit' required by section 5 of the zoning ordinance for the erection of churches and certain other enumerated structures in class I districts. *The relator cannot be heard to question the validity of the very power the exercise of which relator is, by this action, asking the court to compel. Wall* v. *Parrot Silver & Copper Co.* [1917], 244 U. S., 407.***" (Emphasis added.) *State, ex rel. Synod of Ohio,* v. *Joseph* (1942), 139 Ohio St. 229, 239.

It is of critical importance to recognize that the restriction against private park use of appellee's property is not a function of the inclusion of the conditional use provision in the zoning resolution. Rather, the restriction flows from the failure of the ordinance to include private parks as permitted uses. "The inclusion of specified uses in each district also indicates a legislative judgment to exclude other uses." *Mobil Oil Corp.* v. *Rocky River* (1974), 38 Ohio St. 2d 23, 29. By providing that only 100-acre private parks qualify for conditional zoning certificates the legislative zoning authority has left smaller private parks with the status of mere non-permitted uses. For a court to determine that the minimum acreage requirement is arbitrary or unreasonable will not transform smaller private parks into permitted uses. Nor do we believe that a court may indulge in the presumption that the legislative authority would necessarily include privately owned parks as conditional uses in the absence of the minimum acreage requirement. Just as reasonable is the presumption that, had it known the 100-acre requirement would be invalidated, the legislative body would have refused to include any private parks as conditional uses.[5]

The Court of Appeals held that the inclusion of a minimum acreage requirement for the issuance of a conditional use permit for private parks deprived appellee of equal protection because no minimum acreage is requisite to is-

---

[5] See Rathkopf, Law of Zoning and Planning (4 Ed.) 54-21, at fn. 10, as follows:

"***[Because a] special exception use was intentionally not made a permitted use *per se* but only conditionally,***if the conditions are invalid, it [the use] should not be permitted until the legislature creates valid standards." Cited in *St. Petersburg* v. *Schweitzer* (Dist. Ct. App. Fla. 1974), 297 So. 2d 74, 77.

suance of such a permit for governmentally owned parks. We disagree. A similar contention was made and answered in *Golf, Inc., v. District of Columbia* (C.A.D.C., 1933), 67 F. 2d 575, at page 577, as follows:

"It is also contended by the corporation that the regula-. tions are discriminatory in that they permit the use of lands in residential zones in the District of Columbia for public recreational purposes, but deny a similar use to private individuals.

"We cannot agree with this contention. A use of public parks or recreational grounds in a residential area for the common benefit of all the people of the District is not to be compared with the use of lands by a private corporation for its exclusive profit in a manner forbidden by the zoning regulations."[6]

We note that many of the objections raised to appellee's proposed use, *i.e.*, excessive noise, light, traffic, might be mitigated by the attachment to a special permit of reasonable conditions by the board, if the board had the power to issue such a permit. But, appellee's proposed use does not qualify for a conditional zoning certificate because he cannot meet the specific legislatively determined 100-acre requirement for such a certificate. "Where a [zoning] board***is empowered to issue special permits for a named use it may not issue such a permit if a specific requirement of the zoning ordinance will be violated thereby." 3 Anderson, American Law of Zoning (2 Ed.), 425, Section 19.19. Because use of property of less than 100 acres for private parks or playgrounds is neither a permitted nor a conditionally permitted use in an R-1 district, appellee's proposed use is simply a non-permitted one. Appellee is entitled to relief from this effect of the zoning resolution if the exclusion of his proposed use, under these particular circumstances, entitled him to a variance, or if the zoning resolution applies in such a way as to unconstitutionally deprive him of his property. Appellee has, however, relied solely on the theory that he is *entitled* to a conditional zoning

---

[6] See, also, *Richmond* v. *Murdock* (1975), 70 Wis. 2d 642, 235 N.W. 2d 497; *Los Altos Hills* v. *Adobe Creek Properties* (1973), 32 Cal. App. 3d 488, 108 Cal. Rptr. 271.

certificate. Since we find he is not so entitled, the judgment of the Court of Appeals must be reversed.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER and STRAUSBAUGH, JJ., concur.

HERBERT and P. BROWN, JJ., concur in the judgment.

STRAUSBAUGH, J., of the Tenth Appellate District, sitting for HOLMES, J.