GILLESPIE et al., Appellants,

v.

CITY OF STOW et al., Appellees.

[Cite as *Gillespie v. Stow* (1989), 65 Ohio App.3d 601.]

Court of Appeals of Ohio,
Summit County.

13915.

Decided Dec. 13, 1989.

*James R. Graves* and *Kenneth I. Gillespie,* for appellants.

*L. James Martin,* Law Director, for appellees.

CACIOPPO, Presiding Judge.

Kenneth I. Gillespie and Harriet J. Gillespie, as trustees and owners of property in Stow, and Alan E. Ederer, as developer and agent of the trust ("Gillespie"), appeal from the judgment of the Summit County Court of Common Pleas upholding Stow City Council's decision to deny Gillespie a conditional zoning certificate. Gillespie seeks to build a mini-mall on several acres of property located in a district which, pursuant to the zoning resolution within the Stow Codified Ordinances ("Code"), is zoned C–2 Neighborhood Retail District.

Concerning land use in the C–2 district, the Code provides a list of permitted uses in Section 153.061(A), and a list of conditionally permitted uses in Section 153.061(B). Permitted use and conditionally permitted use are defined in Section 153.003.

The Code requires the issuance of a zoning certificate before construction, change in use, or alteration of any building or premises. Section 153.010. If the intended use requires a conditional zoning certificate, the application procedure is found in Sections 153.090 through 153.094. Section 153.013.

"153.032 PERMITTED AND CONDITIONALLY PERMITTED USES.

"(A) No building shall be erected, converted, enlarged, reconstructed, or structurally altered; nor shall any building or land be used, designed, or arranged for any purpose other than that specifically permitted in the district in which the building or land is located.

"(B) Council, upon recommendation of the planning commission, may issue conditional zoning certificates by resolution for any of the conditionally permitted uses listed under the conditionally permitted use section of any district. Uses which are not listed as permitted or conditionally permitted shall be prohibited."

In addition to those uses which are specifically and conditionally permitted in the zoning district, Section 153.130 identifies uses and the conditions pertinent to each identified use which may be permitted in any zoning district.

Gillespie properly submitted a request to Stow for the permits necessary for construction of the mini-mall. Stow determined that several of the intended uses required a conditional use certificate. Pursuant to Section 153.091, Gillespie's application was submitted to the planning commission. Pursuant to Section 153.092, the planning commission reviewed and approved the proposed use and prepared for city council a resolution for approving the application.

"The planning commission shall review the proposed development, as presented on the submitted plans and specifications, to determine whether or not the proposed use is appropriate and in keeping with the purpose and intent of the land use and thoroughfare plan and this zoning code. If the proposed use is found to be appropriate, the planning commission may recommend that council, by resolution, approve a conditional zoning certificate subject to conditions of variances which may be deemed to be appropriate. * * *"
Section 153.092(A).

The proposed resolution contained no variances from the Code. The proposed resolution did state specific conditions which indicate that the planning commission considered both the general and specific requirements pertinent to each conditional use.

"The planning commission and council shall establish that both the general and specific requirements pertinent to each conditional use shall be satisfied

by the establishment and operation of the proposed conditional use. The commission and council shall also impose such additional conditions, variances, and safeguards as they deem necessary for the general welfare, for the protection of individual property rights and for insuring that the intent and objectives of this zoning code will be observed." Section 153.100.

The council refused to act upon the planning commission's recommendation despite Section 10.06 of the Stow Charter, which mandates action within sixty days, and final action no later than ninety days after council's first reading. Gillespie sought, and this court granted, a writ of mandamus which commanded council to "place the resolution on first reading and to act with all due speed upon the matter." *State, ex rel. Gillespie, v. Emahiser* (Oct. 16, 1985), Summit App. No. 12205, unreported, 1985 WL 10891. This court did not "command approval of the resolution, but only the exercise of discretion." *Id.* Council denied Gillespie's application and, at the same meeting, completed a rezoning of the Gillespie property, from commercial use to residential use.

Gillespie filed an appeal to the trial court pursuant to R.C. Chapter 2506. Gillespie requested that additional evidence be taken. The trial court granted the request after finding that the council's decision lacked a record which contained a statement of the factual basis for council's decision.

Gillespie also sought injunctive relief and a declaratory judgment in a separate action filed against Stow, which addressed the council's rezoning of the Gillespie property. The trial court consolidated the appeal and the original causes of action. The matters were referred to a referee.

The referee conducted one hearing but made findings of fact and conclusions of law in each of the consolidated cases. In the appeal, the referee determined that the conditions which council imposed were within its zoning power and that Gillespie had the choice to accept the conditions or not. As to the rezoning, the referee found that the procedural requirements were followed and that the rezoning was a legitimate police-power act.

Despite Gillespie's objections, the trial court determined that no errors of law appeared in either report, and that the findings of fact were sufficient for the trial court to make an independent analysis of the issues presented. The trial court relied upon *Lawsons Co. v. City of Stow Council* (Mar. 4, 1987), Summit App. No. 12680, unreported, 1987 WL 7768, in finding that a conditional use certificate may be denied on the basis that the proposed use violates the zoning ordinance. The trial court stated that Gillespie refused to provide for necessary sidewalks and turnout lanes and to otherwise make the proposal conform with applicable city ordinances.

Based upon the independent analysis, the trial court adopted the referee's reports and affirmed the council's actions.

Gillespie appeals.

### Assignments of Error

"I. The Trial Court erred in overruling plaintiff's and Appellant's objections to the findings of facts, conclusions of law and recommendation of the Referee."

"II. The Trial Court erred, as a matter of law, in his Judgment Entry appended to this Brief, in holding that the case of *State ex rel. Kenneth I. Gillespie, et al. v. Bonnie Emahiser, et al.*, Summit App. No. 12205 (1985), unreported, [1985 WL 10891], was not controlling but rather the case of *Lawsons Company v. City of Stow Council*, Summit App. No. 12680 (1987), unreported [1987 WL 7768], controlled the fact situation and was dispositive of the issues."

The first two assignments of error concern the trial court's determination that the council acted properly in denying Gillespie's application for zoning certificates. Gillespie contends that the referee's factual findings were not supported by the record and that the trial court did not apply the proper law in addressing the issue raised.

■ Stow relies upon *Gerzeny v. Richfield Twp.* (1980), 62 Ohio St.2d 339, 16 O.O.3d 396, 405 N.E.2d 1034, in arguing that a conditionally permitted use is not a use as a matter of right. To grant a conditional zoning certificate, council must find that the general and specific requirements are met along with any special conditions council may impose for reasons of public health, safety, and welfare or convenience.

■ *Gerzeny v. Richfield Twp., supra,* is a *per curiam* decision which clearly states that a reviewing entity's power is derived from the zoning resolution. Council's power to issue a certificate is no greater than that which the zoning ordinance vests. We agree that a conditional zoning certificate is not a matter of right. *Eaton v. Akron* (Sept. 21, 1988), Summit App. No. 13534, unreported, 1988 WL 99186. However, the decision to deny such a certificate must not be unconstitutional, arbitrary, unreasonable, or illegal. In reviewing such a denial, the trial court must weigh the evidence in the record and any additional evidence admitted pursuant to R.C. 2506.03 in order to determine whether there exists a preponderance of reliable, probative and substantial evidence to support the council's decision. *In re Falls–Akron Lodge* (Nov. 8, 1989), Summit App. Nos. 13970, 14198, unreported, 1989 WL 135832, citing *Dudukovich v. Lorain Metropolitan Hous. Auth.* (1979), 58 Ohio St.2d 202, 207, 12 O.O.3d 198, 201–202, 389 N.E.2d 1113, 1117.

The referee conducted the proper review and set out findings of fact and conclusions of law. The trial court relied upon these findings and legal conclusions. In reviewing the trial court's decision, we find a subtle but critical error.

 Gillespie's proposed uses were considered as conditionally permitted. Pursuant to Section 153.092(A), the planning commission determines whether, as the Code provides, the proposed use is appropriate. The council is vested with the administrative power to review that which the planning commission submits and to impose necessary conditions, variances, and safeguards. Council may not deny the conditional zoning certificate because the conditionally permitted use proposed is no longer desired for the proposed location. Such a basis is outside the administrative authority which the Code vests in council. See *Gerzeny v. Richfield Twp., supra*, 62 Ohio St.2d at 342, 16 O.O.3d at 399, 405 N.E.2d at 1036–1037.

 Council determined what uses are appropriate in the C–2 zoned district through council's legislative authority when it originally passed the zoning legislation. That determination was enacted in Section 153.061.

"The test for determining whether the action of a legislative body is legislative or administrative is whether the action taken is one enacting a law, ordinance or regulation, or executing or administering a law, ordinance or regulation already in existence." *Donnelly v. Fairview Park* (1968), 13 Ohio St.2d 1, 42 O.O.2d 1, 233 N.E.2d 500, paragraph two of the syllabus. If council is permitted to deny a proposed use which is consistent with the existing C–2 zoning, council, in effect, is rezoning the property without legislative action. See *Hydraulic Press Brick Co. v. Council of Independence* (1984), 16 Ohio App.3d 204, 16 OBR 219, 475 N.E.2d 144. Council's review of the conditional zoning application is administrative.

 Any condition which council includes in the resolution granting the conditional zoning certificate must also be within the power of council. Pursuant to Section 153.100, one first determines which general and specific requirements are *pertinent* to the proposed conditional use. Because Gillespie's proposal concerned property located in a C–2 district, Section 153.061(A) and (B) provide the pertinent requirements. For example, if the proposed use is a laundry and dry cleaning establishment, that use is permitted. Section 153.061(A)(7). If the use is the preparation and processing of food and drink products to be retailed on the premises, with the exception of fast food and drive-in service, that use is conditionally permitted subject to the general requirements of Section 153.101. Section 153.061(B)(2). If the use is a church or place of religious worship or social or fraternal meetings, that use is

608

conditionally permitted subject to the general requirements of Section 153.101 and the specific requirements of 153.102(B), (D), and (G). Section 153.-061(B)(4). Any additional condition imposed must be necessary for the general welfare, to protect individual property rights, and within the spirit of the zoning code. Section 153.100.

The trial court erred in affirming the council's denial of the conditional zoning certificates when the evidence established that council acted outside the administrative power vested through the zoning ordinance. In affirming, the trial court specifically found that Gillespie's proposed use would violate Sections 153.101(A)(1), (2), (3), and (4), and 153.101(B).

■ The Code establishes which uses are appropriate in the zoning districts. A use which the Code conditionally permits can not be a nonpermitted use. Also, the planning commission determined that the use did not violate the Code and, therefore, submitted a resolution to council recommending approval. See Section 153.092(A).

■ Council may review the proposal for compliance with the general requirements. If council determines that pertinent requirements are not met, council shall establish that those pertinent requirements shall be satisfied by the establishment and operation of the proposed conditional use. Section 153.100. If one reviews the planning commission's submitted resolution, one finds established what the planning commission determined were pertinent requirements not within the submitted proposal. The resolution lists ten "terms and conditions" to which the site plan approval and issuance of the conditional zoning certificate are subject. Those itemized conditions include subsequent approval of construction by various and appropriate city departments, a chain link fence along specific boundaries, dedication of additional land to Stow for the Hudson Road right-of-way, and appropriate sidewalks along Homesite Drive. The trial court apparently overlooked the planning commission's resolution in determining that council acted properly in denying the proposal.

The trial court also found that council was correct in denying the proposal because the proposal was in conflict with various subsections of Section 153.102. This determination was in error because Section 153.102 is not a *pertinent* requirement for Gillespie's proposed uses. Section 153.061. Therefore, Gillespie's proposal is not required to be in harmony with Section 153.102. Even though Stow contends that every conditional use must comply with Section 153.102, that contention is not supported in the Code. Section 153.102 is a list of specific requirements applicable to conditional uses. The appropriate subsections which apply to a specific proposed conditional use are determined from language contained in the Code sections pertaining to the

zoning district where the proposed use is located. Any applicable subsection is one of the *pertinent* requirements.

The trial court also erred in relying upon *Lawsons Co. v. City of Stow Council, supra,* because that case concerned a conditional use proposal which contained a nonpermitted use. The appropriate method to include a nonpermitted use in a zoning certificate is through an application for a variance from the zoning resolution. Sections 153.003 and 153.028. In *Lawsons Co.,* Stow tendered a condition to the conditional zoning certificate prohibiting Lawsons from selling both alcoholic beverages and gasoline, which addressed the nonpermitted use. *Id.* Lawsons indicated that council need not vote on this amended proposal because Lawsons would not agree to be bound by the additional condition. *Id.* Without the additional condition or a variance, council would have approved a zoning certificate which would not establish pertinent requirements, and would be outside the administrative power of council as vested through the zoning ordinance. Section 153.100.[1]

In the case *sub judice,* Gillespie has proposed uses which Stow originally determined are conditionally permitted. The trial court did not find that Gillespie proposed nonpermitted uses, or that Gillespie indicated that council should vote on the proposal without including pertinent requirements. The trial court relied upon the *Lawsons* case for the proposition that a conditional zoning certificate may not be issued if a specific requirement of the zoning ordinance will be violated. We agree with the trial court's interpretation of the *Lawsons* case. However, in conjunction with this proposition, the trial court found that Gillespie refused to make the project conform with applicable city ordinances. Therefore, the court held, the council acted properly in denying Gillespie's proposal. We disagree.

This issue of contract zoning was discussed in *State, ex rel. Gillespie, v. Emahiser, supra.* We choose not to again discuss Section 153.101(B), but merely indicate that contract zoning is not proper. A municipality may impose conditions but may not bargain away its legislative power. *Id.* Therefore, Section 153.101(B) cannot be construed to require contract zoning. Also, if council refuses to perform the required administrative function, it is impossible for one to comply with conditions which a resolution has yet to impose.

This court granted a writ of mandamus because Stow refused to consider the planning commission's proposed resolution without Gillespie's assurances.

---

1. In order to determine the pertinent requirements, one must look to Section 153.066 C–3 uses. Vehicular service stations are a conditionally permitted use pursuant to Section 153.066(B)(2) and subject to Sections 153.101, 153.102(G), and 153.115.

We find that the trial court's affirming council's decision for that same reason is error as a matter of law. Council cannot refuse to impose pertinent or necessary conditions and then deny a conditional zoning certificate as violative of the Code.

The first and second assignments of error are well taken.

### Assignment of Error III

"The trial court erred in adapting the findings and conclusions of the referee which are contrary to the weight of the evidence and to the applicable law."

Gillespie presents a rather generic assignment of error. Simply stated, Gillespie states that the referee's findings were against the manifest weight of the evidence and the conclusions were contrary to law. However, Gillespie's argument concerns the validity of council's action in rezoning the property, which is the subject of the declaratory judgment case.

In reviewing the entire record, this court notes that the briefs, transcripts and documents are replete with confusion and redundancy. This is the result of consolidating two causes of action which are distinct both in procedure and possible remedies. Also, the parties refused to narrow the issues before the trial court and, instead, converted the technical application of a zoning resolution into an emotional cause in equity.

Gillespie's action pursuant to R.C. Chapter 2506 is an appeal to the trial court from the council's administrative decision to deny zoning certificates. We addressed that appeal in the first two assignments of error. Gillespie filed an original action in the trial court seeking a declaratory judgment and injunctive relief concerning council's legislative action in rezoning property. We now address that cause.

This court first notes that Stow did not answer the complaint seeking a declaratory judgment and injunctive relief. Gillespie did not seek judgment on this procedural basis but permitted the cause to go forward as if the responsive pleading consisted of a general denial. We also note that the intermingling of the mandamus issue with those which properly arose in the R.C. Chapter 2506 appeal, and those which are determinative of the declaratory judgment action, tainted the evidence upon which the trial court relied in determining the rezoning validity.

Gillespie challenged the rezoning on constitutional grounds. Gillespie raised both procedural and substantive due process issues and equal protection issues. In a civil case, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the

evidence." *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

The trial court properly addressed the substantive due process issue. The record supports the referee's findings that Gillespie failed to establish that the rezoning was not rationally related to a legitimate exercise of police power. The record supports the finding that the rezoning was not confiscatory.

Concerning the procedural due process issue, the referee concluded that Stow did not violate procedural requirements in adopting the rezoning ordinance. In fact, the referee concluded that Gillespie did not assert this claim. We disagree.

Gillespie asserted a violation of procedure in the complaint and raised numerous procedural questions at the hearing before the referee. We note that a stipulation was entered as to the adequacy of public notice. However, Stow did not introduce evidence to support its claim that the Code was properly amended. The record contains testimony concerning procedure, but that testimony concerned both the conditional use application and the rezoning. Witnesses who testified were involved in both procedures. We find no evidence to support the finding that the rezoning procedure properly amended the Code. Any evidence upon which the trier of fact could have relied to determine this issue was so tainted as to lack competence and credibility in determining factual issues concerning the rezoning. Gillespie raised an objection to the referee's findings and preserved this error for appeal.

Gillespie also contended in the trial court that even if the zoning resolution were constitutional on its face, its application to Gillespie was unconstitutional. Gillespie argues before this court that the subject property was singled out for unfair treatment.

In addressing this issue, the referee concluded that Stow was free to make a legislative determination of whether it was to enact the new zoning ordinance, or to adopt Gillespie's proposal. The referee also concluded that Stow was not required to act upon Gillespie's proposal before rezoning the property. We disagree.

At the time Gillespie presented the proposal to Stow, the property was zoned C–2. Gillespie had the right to expect that the planning commission and council would act within the law as provided in the Stow City Charter. Section 10.06 of the charter requires council to act upon a planning commission recommendation within a specified time. A writ of mandamus was required to bring council in compliance with the charter.

Council was not free to make a legislative decision concerning the Gillespie proposal. The proposal required an administrative act. Council was not free to choose between the Gillespie proposal and the rezoning.

Council was free to rezone the property. On its face, the rezoning is rationally related to a legitimate purpose. However, when applied to Gillespie, the purpose is illegal as violative of the Code. The rezoning cannot be applied to deny Gillespie the right to use the property as C–2. Even if the rezoning could legally apply to the Gillespie property, the proposed uses would become nonconforming uses pursuant to Section 153.171(G).

The trial court erred as a matter of law in finding that the rezoning was constitutional in its application to the subject property. Council cannot choose to substitute a legitimate legislative purpose in order to rectify an illegal administrative act.

The third assignment of error is well taken.

## Summary

The first two assignments of error are sustained and this cause is remanded to the trial court to render a judgment ordering the Stow City Council to grant the appropriate certificates which Gillespie seeks, with such pertinent and necessary requirements and/or conditions as are consistent with the zoning code, Sections 153.060 through 153.063.

The third assignment of error is sustained and this cause is remanded to the trial court to render a judgment for appellants, declaring Stow's Ordinance 1985–304 unconstitutional as applied to appellants' property.

*Judgment reversed*
*and cause remanded.*

REECE and MAHONEY, JJ., concur.

EDWARD J. MAHONEY, J., retired, of the Ninth District Court of Appeals, sitting by assignment.