OPINION
This is an accelerated appeal pursuant to Loc.R. 6 of the Twelfth District Court of Appeals. Appellant, Health Management, Inc., appeals a Butler County Common Pleas Court judgment that affirmed three decisions by the Union Township Board of Zoning Appeals.
On February 16, 1988, the Butler County Board of Zoning Appeals approved appellant's request for a conditional use permit to build a medical waste incinerator on a 5.7 acre parcel in the Schumacher Commerce Park. Union Township acknowledged the conditional use permit after adopting zoning in 1990. Before appellant received an Ohio Environmental Protection Agency (OEPA) permit to operate the incinerator, it began using the site to transfer medical waste from collection vehicles to refrigerated trucks for shipment to other sites. Union Township challenged appellant's use of the property as a "medical waste transfer station." The parties resolved that matter, however, when the OEPA finally issued appellant an incinerator permit on November 19, 1990.
Appellant operated the "BFI West Chester Infectious Waste Incinerator" from late 1990 until October 28, 1995. Earlier in 1995, an ex-employee alleged various health and safety violations at the incinerator. On November 3, 1995, the OEPA issued a press release informing the public that appellant had operated the incinerator in violation of certain health and safety regulations. On November 6, 1995, the Union Township Zoning Inspector issued a "Notice of Violation" to appellant and ordered appellant to comply with the Union Township Zoning Resolution. At some time in early November, 1995, appellant voluntarily and permanently closed its incinerator. However, appellant resumed using its site to transfer medical waste from collection vehicles to refrigerated trucks for shipment to other sites.
On November 15, 1995, Union Township informed appellant by letter that it had effectively abandoned its conditional use approval when it permanently closed its incinerator. According to the township, any future use of the site required zoning approval. Appellant appealed the November 6 "Notice of Violation" and the November 15 letter to the Union Township Board of Zoning Appeals (the "Board").
On January 11, 1996, appellant applied for a zoning certificate to use the property for the "trucking, carting, and storage" of medical waste. On January 16, 1996, the Union Township Zoning Inspector issued a "Notice of Refusal," stating that "[y]our zoning certificate application for the storage, trucking and carting of medical wastes at the subject facility requires conditional use approval by the Union Township Board of Zoning Appeals." Appellant also appealed that decision to the Board.
On February 2, 1996, appellant filed an application for a conditional use permit for the "trucking and transportation of medical waste." The Board consolidated appellant's two previous appeals with its application for a conditional use permit and scheduled a hearing. After an extensive hearing on February 28, 1996, the Board affirmed the township's conclusion that appellant had abandoned its original conditional use permit when it voluntarily closed its incinerator. The Board also affirmed the zoning inspector's opinion that appellant needed a conditional use permit to operate a "medical waste transfer station." Finally, the Board denied appellant's application for a conditional use permit after concluding that:
 [A]ny special conditions or requirements imposed that would mitigate the special characteristics which are inherent to the use and enable compatibility with the existing neighborhood and maintain the spirit of the resolution would be conditions of self-regulation. Based on testimony at the public hearing, the Board determined that actions of Health Management, Inc. were contrary to the public health, safety, and general welfare * * *.
Appellant appealed the Board's decisions to the common pleas court under R.C. Chapter 2506. On October 4, 1996, the common pleas court upheld the Board and this appeal followed.
In an administrative appeal under R.C. Chapter 2506, a court of common pleas must not substitute its judgment for that of an administrative board unless the court finds that there is not a preponderance of substantial, reliable, and probative evidence supporting the Board's decision. Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. This court's review is expressly limited to questions of law. R.C. 2506.04.
Appellant complains under its first assignment of error that the Board acted illegally in revoking or nullifying the original conditional use permit. Appellant cites Carrocce v. Boardman Twp. Bd. of Zoning Appeals, (Aug. 25, 1993), Mahoning App. No. 92 C.A. 38, unreported, for the proposition that a township board of zoning appeals cannot nullify a conditional use, even where the conditions established in the approval have been violated. The Board, however, did not revoke appellant's conditional use permit. Instead, the Board found that appellant had abandoned its conditional use when it permanently closed its incinerator. The lower court agreed after concluding that appellant's use of the site as a medical waste transfer station constituted "an entirely different and unconnected use from the original incineration operations."
The record supports the Board's finding that appellant abandoned its original conditional use permit. The lower court properly affirmed the Board's conclusion that appellant needed a new zoning certificate after the change in its operations. See, Union Township Zoning Resolution, Section 5.02. Appellant's first assignment of error is overruled.
Appellant complains under its second assignment of error that it was entitled to a zoning certificate to operate a "trucking terminal." Appellant's property is located in an "M-2 General Industrial District." Union Township Zoning Resolution, Section 25.034, provides that "[a]ny use which involves incineration, processing, reduction, storage of garbage, debris, infectious or medical waste, dead animals, or other types of refuse" requires a conditional use permit in a general industrial district.
Appellant insists that no "storage" or "processing" of medical waste occurs on its property. Appellant points out that the zoning resolution defines "Outside Storage" as "[t]he keeping, in an unroofed area, of any goods, material, merchandise, or vehicles in the same place for more than forty-eight hours." Appellant claims that it does not intend to keep waste at its facility for more than forty-eight hours.
The lower court, however, determined that "Outside Storage" was not at issue here. Instead, the court found that keeping the medical waste on site before transit was "storage" of medical waste under Union Township Zoning Resolution, Section 25.034. Moreover, OEPA regulations would allow appellant to keep medical waste at the site for up to ten days. Katherine Harrison, appellant's district manager, also testified that situations could arise that would require medical waste to remain on site longer than twenty-four hours. It is also significant that in its application for a zoning certificate, appellant sought "authorization for trucking, carting, and storage" of medical waste. (Emphasis added.)
The Board and the lower court determined that appellant's use of its property to collect and transfer medical waste for later shipment would, or could, involve the storage of medical wastes at the site, even if for a brief duration. That determination is supported by the record. Therefore, the Board correctly determined that appellant needed a conditional use permit before it could operate its site as a transfer station. Appellant's second assignment of error is overruled.
Appellant complains under its third assignment of error that OEPA regulation over the transportation of medical waste preempts Union Township's authority to require a conditional use permit where medical waste is involved. This court disagrees.
In determining whether a local regulation is in conflict with a general state statute "the test is whether the ordinance permits or licenses that which the statute forbids or prohibits, and vice versa." Fondessy Enterprises, Inc. v. City of Oregon (1986), 23 Ohio St.3d 213, paragraph two of the syllabus. There is no question that the OEPA regulates the transportation of medical waste in Ohio and that appellant is licensed by the OEPA as a medical waste transporter. There is also no question, however, that appellant's facility is not licensed by the OEPA.[1] Since appellant's site is not licensed, the lower court could properly conclude that OEPA regulation as to the transportation of medical waste does not preempt the township from regulating appellant's use of its property. Compare R.C.3734.05(E)(3) (political subdivision may not adopt or enforce any law, ordinance, or rule that alters or limits authority granted by a Hazardous Waste Facility Permit). Appellant's third assignment of error is overruled.
Appellant complains under its fourth assignment of error that the Board's decision to deny it a new conditional use permit was illegal, unreasonable, and capricious. This court disagrees.
In relation to conditional uses, the Ohio Supreme Court has said that:
 The inclusion of conditional use provisions in zoning legislation is based upon a legislative recognition that although certain uses are not necessarily inconsistent with the zoning objectives of a district, their nature is such that their compatibility in any particular area depends upon surrounding circumstances. Thus, the legislative body provides for their inclusion in a district only upon administrative approval granted in accordance with legislatively prescribed standards and conditions.
Gerzeny v. Richfield Township (1980), 62 Ohio St.2d 339, 341.
A zoning resolution can authorize a zoning board to consider a number of factors in determining whether to grant or deny a conditional use permit. See Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals (1993), 66 Ohio St.3d 452,455-56. The Union Township Zoning Resolution requires the Board to consider a number of factors, including the public interest, in making its decision to grant or deny a conditional use permit. The resolution also requires the Board to determine whether the imposition of special conditions or requirements "can mitigate the special characteristics which are inherent to the use and enable compatibility with the existing neighborhood, and maintain the spirit of this Resolution." See Union Township Zoning Resolution, Section 8.0531(b).
In this case, the Board determined that there were overriding safety considerations associated with appellant's use of its facility to collect and transfer medical waste for shipment to other sites. The Board was faced with past health and safety violations during appellant's operation of its incinerator. Moreover, appellant's representatives were unable to supply the Board with important information about the safety history of the operation or about the degree of health hazards associated with the waste that would be brought to the site.[2] The Board reviewed the cumulative evidence and found that it could not impose adequate conditions upon appellant to protect the public from potential hazards associated with its operation.
After reviewing the record, this court agrees that the Board's decision not to issue appellant a conditional use permit was supported by a preponderance of reliable, probative, and substantive evidence. Appellant's fourth assignment of error is overruled.
Judgment affirmed.
KOEHLER and WALSH, JJ., concur.
[1] Appellant's District Manager, Katherine Harrison, made it clear at the Board hearing that the Ohio EPA "does not recognize a transfer station of medical waste * * *. They'll manage us and inpsect us with regard to tracking and the regulations that still apply to us. But they don't regulate us as a transfer station." T.P. 59.)
[2] Although the transfer station had been in operation for four months since the incineration operation ceased, appellant's district manager did not know whether there had been any spills of infectious medical waste at the site during that period. (T.P. 53.) In addition, the district manager was not aware of the "highest health rating" that was assigned to the containers of infectious medical waste that came into the facility. The health rating indicates the health hazard of the material inside the containers.