I would find that the trial court erred in denying appellant's motion to dismiss since appellee Mount Union College lacked standing to pursue its appeal of the Planning Commission's March 17, 1999, decision. As is stated above, Alliance Planning and Zoning Code Section 1145.04(c) requires that notice of the time and place of hearings be published by news release in the local paper. The trial court in this matter specifically found in its November 22, 1999, Judgment Entry that notice of the Planning Commission's March 17, 1999, meeting was published in the Alliance Review.[3] A review by an appellate court of an administrative appeal is expressly limited by R.C. 2506.04 to questions of law. Health Management, Inc. v. Union Twp. Bd. of Zoning Appeals
(1997), 118 Ohio App.3d 281. Thus, while appellee maintains that notice of the March 17, 1999, Planning Commission meeting was never published, this court must defer to the trial court's factual finding that notice of the March 17, 1999, meeting was published in the Alliance Review prior to such meeting.
The trial court in the case sub judice expressly found that notice of the meeting was published in the Alliance Review in accordance with Alliance Planning and Zoning Code Section 1145.04(c). The court also found that such notice was insufficient since "the Planning Commission, in essence, granted a variance as to setback requirements." The trial court concluded that under these circumstances, a contiguous property owner such as Mount Union was not given proper notice and opportunity to be heard when the notice was published in the newspaper and was, therefore, denied due process. The court, in its November 22, 1999, Judgment Entry, after noting that only the BZA has the authority to grant a variance, specifically stated as follows:
 Although a hearing was held by the Board of Zoning Appeals and a variance was granted in the instant case, it is clear from the record that the notice which was issued and the hearing which was held addressed only the "use" variance, and did not address the setback variance. As the setback variance was not approved by the Board, the decision of the Planning Commission to approve the plans as submitted was contrary to the provision of the Zoning Ordinance. Further, even if the Planning Commission has authority to modify setback requirements, Mount Union, as a landowner directly affected by the modifications, had a right to be put on notice of any such modification. Mount Union was never given such notice relative to the Planning Commission action and, therefore was denied due process.
Yet, despite the trial court's findings, I would find that appellee Mount Union College lacked standing to pursue its administrative appeal. As is required by Alliance Planning and Zoning Code Section 1145.04(c), notice of the Planning Commission's March 17, 1999, meeting was published in the Alliance Review. No further notice of the same was required to be provided to appellee Mount Union College or any other adjoining landowner under the code. However, even though proper notice of the March 17, 1999, meeting was given, appellee Mount Union College, which has not challenged the constitutionality of Alliance Planning and Zoning Code Section 1145.04(C), failed to attend the Planning Commission proceedings and to actively participate in the same. Had appellee Mount Union College done so, it could have challenged the Planning Commission's jurisdiction to grant a setback variance.[4] However, since it failed to actively participate in the administrative process, appellee Mount Union College lacked standing to file an administrative appeal of the Planning Commission's March 17, 1999, decision pursuant to R.C. 2506.01.[5]
The trial court, therefore, erred in denying appellant's motion to dismiss for lack of jurisdiction.
I would sustain appellant's sole assignment of error.
[3] Karen King, the Recording Secretary for the Planning Commission, stated in an affidavit attached to appellant's motion to dismiss that she caused a notice of the Commission's March 17, 1999 meeting "to be published in the Alliance Review" prior to the meeting.
[4] Pursuant to Alliance Planning and Zoning Code Section 1145.03(b), the BZA rather than the Planning Commission has jurisdiction to grant variances.
[5] I further note that the issue of setbacks was discussed, but not decided, at the February 16, 1999, BZA meeting where it was determined that such issue was one for the Planning Commission. There is no dispute that appellee Mount Union College received notice of the February 16, 1999, meeting, but did not attend the same. In fact, the trial court, in its November 22, 1999, Judgment Entry, found that the BZA "had complied with the notice requirements set forth in Section 1145.04(c) of the Alliance Planning and Zoning Code."