OPINION
{¶ 1} Plaintiffs-appellants Robert and Katherine Welling appeal the July 25, 2003 Judgment Entry of the Stark County Court of Common Pleas, which affirmed the decision of defendant-appellee Perry Township Board of Zoning Appeals, granting defendant-appellee Lauri Weinfeld an area variance.
 STATEMENT OF THE FACTS AND CASE {¶ 2} Appellants own two parcels of property, which are adjacent to property owned by Weinfeld in Perry Township, Stark County, Ohio. Weinfeld purchased the property, consisting of two parcels, in June, 1998. Weinfeld's residence is located on one of the parcels. Weinfeld's business, "Lakeside Center," which is used for wedding receptions and parties, is located on the other parcel.
 {¶ 3} The previous owners, William and Peggy Dinger, constructed a banquet hall in the early 1990s and used Lakeside Center as an indoor property rental hall, picnic pavilion, boat dock, and bait shop. In 1990, the Board of Zoning Appeals ("BZA") rezoned the area from B-1 commercial to R-3 residential. The Dingers continued to use the property for commercial activities pursuant to a conditional use permit granted by the BZA.
 {¶ 4} On May 21, 1999, Weinfeld filed an application for a conditional use permit to continue conducting weddings and parties on the property. The BZA granted Weinfeld's application for the conditional use permit. The BZA also modified the Perry Township Zoning Resolution setback requirement from 100 feet to 60 feet. Appellants appealed the BZA's decision to the Stark County Court of Common Pleas. The trial court affirmed, finding no error. Appellants further appealed to this Court, which upheld the BZA's granting of the conditional use permit, but found the BZA did not have authority to modify the setback requirements in the zoning resolution aside from the power to issue a variance.Welling v. Perry Township Bd. Of Zoning Appeals, Stark App. No. 2002CA152, 2002-Ohio-6550.
 {¶ 5} In accordance with this Court's ruling in Case No. 2002CA152, Weinfeld filed an application for a variance with the BZA. The BZA conducted a hearing on said application on February 10, 2003, and granted Weinfeld's variance. Appellants appealed the decision to the Stark County Court of Common Pleas, which affirmed the actions of the BZA via Judgment Entry filed July 25, 2003.
 {¶ 6} It is from this judgment entry appellants appeal, raising the following assignments of error:
 {¶ 7} "I. The trial court erred as a matter of law in holding that the perry township bza had authority to grant an area variance to the appellee in violation of the zoning resolution applicable to conditional use certificates.
 {¶ 8} "II. The trial court erred as a matter of law in holding that the granting of this specific variance by the perry township bza was not illegal, arbitrary, capricious or unreasonable.
 {¶ 9} "III. The trial court erred as a matter of law in applying the "practical difficulties" standard in determining whether the perry township bza should have granted a variance.
 {¶ 10} "IV. The trial court erred as a matter of law and otherwise abused its discretion in holding that the granting of a variance by the perry township bza was supported by substantial, reliable and probative evidence."
 I {¶ 11} In their first assignment of error, appellants maintain the trial court erred in finding the BZA had the authority to grant an area variance to Weinfeld as such was a violation of the zoning resolution applicable to conditional use certificates. We disagree.
 {¶ 12} Appellants cites Gerzeny v. Richfield Township
(1980), 62 Ohio St.2d 339, for the proposition the BZA did not have authority to waive, reduce, or ignore legislative requisites for the issuance of conditional use permits. Thus, appellants argue the BZA did not have the authority to grant a variance from the requirements for a conditional use permit.
 {¶ 13} In Gerzeny, the landowner filed an application for zoning certificate with the township zoning inspector, seeking a certificate to use his property as a privately owned park with related facilities. The zoning board refused to grant the landowner a conditional zoning certificate. Under the Richfield Township Zoning Resolution, use of R-1 property for private parks and playgrounds is not a permitted use, however, the BZA may issue a conditional zoning certificate permitting use of R-1 property for a private park if the property is a minimum of 100 acres. Id. at 341. Landowner's property was less than 100 acres. The BZA refused to grant landowner a conditional zoning certificate. Landowner appealed the decision to the Summit County Court of Common Pleas, which affirmed the BZA's denial of the permit. Upon further appeal, the Ninth District Court of Appeals reversed and remanded. The Ohio Supreme Court found the landowner was not entitled to the conditional use certificate and reversed the judgment of the court of appeals. The Supreme Court determined R.C. 519.14(C) did not vest township boards with power to grant conditional zoning certificates independent of the zoning resolution. Id. at 342. The Supreme Court noted the landowner may be entitled to a variance. Id. at 344.
 {¶ 14} Unlike Gerzeny, this Court in the case sub judice previously found the conditional use certificate to be valid. Thus, the issue becomes whether BZA has the authority to grant a variance to the set back requirement set forth in the zoning resolution after having previously granted a conditional use certificate. We find that it is. Restrictions on the use of a property are different in nature from area set back restrictions related to the physical location of a structure on the property. Once appellee's conditional use permit was granted, the Lakeside Center operation became the functional equivalent of a permitted use for which an area variance was then permissible.
 {¶ 15} Appellants' first assignment of error is overruled.
 II {¶ 16} In their second assignment of error, appellants assert the trial court erred in finding the BZA's granting of the variance was not illegal, arbitrary, capricious, or unreasonable.
 {¶ 17} Appellants argue the BZA did not have statutory authority to grant a variance to the combined property when Weinfeld's application only listed the Lakeside Center parcel.
 {¶ 18} Because appellants have participated in this matter since the beginning, we are inclined to analyze this issue under a "prejudicial error" standard of review; i.e., to consider whether the record demonstrates prejudice to appellants due to the errors. See, Welling v. Perry Township Bd. Of ZoningAppeals, (April 9, 2001), Stark App. No. 2000CA00252, unreported.
 {¶ 19} After review of the entire transcript of the BZA hearing, we are not persuaded the fact the application only referred to the Lakeside Center property caused confusion and prejudice. Appellants were familiar with the Weinfeld property and acknowledged Weinfeld's use of the residence in association with the business. Furthermore, Weinfeld herself testified she used a room in her residence for business purposes and that room was not situated on the same parcel as the banquet hall. The map of the property presented into evidence indicated Weinfeld was requesting a variance on the northern edge of both parcels. Accordingly, we find the trial court did not err in affirming the decision of the BZA.
 {¶ 20} Appellants' second assignment of error is overruled.
 III {¶ 21} In their third assignment of error, appellants submit the trial court erred in applying the "practical difficulties" standard in reviewing the decision of the BZA.
 {¶ 22} In support of their position, appellants rely upon R.C. 519.14(B), which authorizes the BZA to grant a variance where "a literal enforcement of the resolution will result in unnecessary hardship." Appellants also rely on Dsuban v. UnionTownship Bd. of Zoning Appeals (2000), 140 Ohio App.3d 602, in which the Twelfth District Court of Appeals refused to apply the "practical difficulties" test, as enunciated by the Ohio Supreme Court in Duncan v. Middlefield (1986), 23 Ohio St.3d 83, to a township.
 {¶ 23} In Duncan, the Ohio Supreme Court, stated:
 {¶ 24} "In Kisil v. Sandusky [(1984), 12 Ohio St.3d 30], this court held in the syllabus:
`The standard for granting a variance which relates solely to area requirements should be a lesser standard than that applied to variances which relate to use. An application for an area variance need not establish unnecessary hardship; it is sufficient that the application show practical difficulties.' * * *
 {¶ 25} "While existing definitions of `practical difficulties' are often nebulous, it can safely be said that a property owner encounters `practical difficulties' whenever an area zoning requirement (e.g., frontage, setback, height) unreasonably deprives him of a permitted use of his property. The key to this standard is whether the area zoning requirement, as applied to the property owner in question, is reasonable. The practical difficulties standard differs from the unnecessary hardship standard normally applied in use variance cases, because no single factor controls in a determination of practical difficulties. A property owner is not denied the opportunity to establish practical difficulties, for example, simply because he purchased the property with knowledge of the zoning restrictions. (Citation omitted).
 {¶ 26} "The factors to be considered and weighed in determining whether a property owner seeking an area variance has encountered practical difficulties in the use of his property include, but are not limited to: (1) whether the property in question will yield a reasonable return or whether there can be any beneficial use of the property without the variance; (2) whether the variance is substantial; (3) whether the essential character of the neighborhood would be substantially altered or whether adjoining properties would suffer a substantial detriment as a result of the variance; (4) whether the variance would adversely affect the delivery of governmental services (e.g.,
water, sewer, garbage); (5) whether the property owner purchased the property with knowledge of the zoning restriction; (6) whether the property owner's predicament feasibly can be obviated through some method other than a variance; (7) whether the spirit and intent behind the zoning requirement would be observed and substantial justice done by granting the variance."
 {¶ 27} This Court has approved and adopted the practical difficulties standard in cases involving townships. Hempleman v.Bloom Township Bd. of Zoning Appeals (April 28, 1993), Fairfield App. No. 23CA92, unreported; and Barr v. Monroe Township Bd. ofZoning Appeals (May 23, 1999), Licking App. No. CA3499, unreported. In accordance with our previous decisions, we find the trial court did not err in applying the practical difficulties standard in reviewing the decision of the BZA
 {¶ 28} Appellants' third assignment of error is overruled.
 IV {¶ 29} In their final assignment of error, appellants raise a manifest weight claim. Notwithstanding their argument the trial court erred in applying the practical difficulties standard, appellants contend Weinfeld cannot and did not demonstrate practical difficulties in the use of her property.
 {¶ 30} R.C. 2506.04 sets forth the applicable standard of review and provides as follows:
 {¶ 31} "The court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."
 {¶ 32} In Henley v. Bd. of Zoning Appeals (2000),90 Ohio St.3d 142, 147, the Ohio Supreme Court stated: "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the `whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. (Citation omitted)."
 {¶ 33} This Court's standard of review in an R.C. 2506.04
appeal is "more limited in scope." Kisil v. Sandusky (1984),12 Ohio St.3d 30, 34. "This statute grants a more limited power to the court of appeals to review the judgment of the common pleas court only on `questions of law,' which does not include the same extensive power to weigh `the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." Id. at fn. 4. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. * * * The fact that the court of appeals * * * might have arrived at a different conclusion than the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so." Lorain City SchoolDist. Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 261, 533 N.E.2d 264.
 {¶ 34} Evidence at the hearing established Weinfeld used both parcels for her business. The property had been utilized in such a manner for approximately ten years. Without the variance, Weinfeld would not be able to continue her business and, most importantly, without the variance, the structures would have to be physically moved to be in compliance.
 {¶ 35} Accordingly, we find the trial court's finding the decision of the BZA to be supported by substantial, reliable probative evidence was not erroneous or against the manifest weight of the evidence.
 {¶ 36} Appellants' fourth assignment of error is overruled.
 {¶ 37} The judgment of the Stark County Court of Common Pleas is affirmed.
Wise, J. and Edwards, J. concur