[Cite as *Massillon Civ. Serv. Comm. v. Rogers*, 2014-Ohio-1403.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| CITY OF MASSILLON CIVIL SERVICE COMMISSION, ET AL. | JUDGES:<br>Hon. John W. Wise, P. J.<br>Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
|       Appellants | |
| -vs- | Case No. 2013 CA 00100 |
| THOMAS P. ROGERS | |
|       Appellee | O P I N I O N |


| | |
|---|---|
| CHARACTER OF PROCEEDING: | Civil Appeal from the Court of Common Pleas, Case No. 2012 CV 03938 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 31, 2014 |


APPEARANCES:

| For Appellants | For Appellee |
|---|---|
| PERICLES G. STERGIOS<br>CITY LAW DIRECTOR<br>ROBERT A. ZEDELL<br>ASSISTANT LAW DIRECTOR<br>Two James Duncan Plaza<br>Massillon, Ohio 44646 | CRAIG T. CONLEY<br>604 Huntington Plaza<br>220 Market Avenue South<br>Canton, Ohio 44702 |

*Wise, P. J.*

{¶1}.   Appellants, the City of Massillon Civil Service Commission and the City of Massillon (hereinafter "City of Massillon"), appeal the decision of the Court of Common Pleas, Stark County, which overturned an administrative appeal decision by the Commission regarding a promotional examination of Appellee Thomas P. Rogers for the rank of police sergeant. The relevant facts leading to this appeal are as follows.

{¶2}.   Appellee Rogers is a police officer for the City of Massillon and a member of the Massillon F.O.P. Henderson Lodge Police Officers Association (hereinafter "Union"). On July 11, 2012, a notice of promotional examination for the position of Sergeant in the Massillon Police Department was formally posted. Appellee decided to pursue the promotional opportunity. The aforesaid notice of examination included wording to the effect that seniority points would be added to the test scores, although Appellant City now concedes that the notice was incorrect and should not have contained that wording because the relevant statute had, by then, been amended to eliminate any reference to the addition of seniority points to the exam scores.

{¶3}.   An agreement between the Union, of which Officer Rogers is a member, and the City of Massillon, covering the period from January 1, 2009 through December 31, 2011, was extended to June 30, 2012 while a new contract was being negotiated (Ordinance No. 109-2011). The "new" contract, covering the period from July 1, 2012 to June 30, 2015, was signed on November 19, 2012.

{¶4}.   Both contracts contain the following provision:

{¶5}.   <u>Section 43.7</u> The scores of the written examination and the assessment shall be adjusted as necessary to accurately reflect the percentages called for in

Section 43.2.  The candidates' final score shall consist of the adjusted raw scores from the written examination and the assessment portion, *plus seniority points.* If there is a tie in the final score after the seniority points have been added, the tie shall be broken by determining the applicant with the most departmental seniority.  *Credit for seniority shall be awarded in accordance with Sections 124.31 and 124.44 of the Ohio Revised Code.* Seniority credit shall be added to the final aggregate score of the combined written examination and assessment process.  Seniority credit shall be computed as of the date the written examination is conducted. (Emphasis added).

{¶6}.  Effective June 30, 2011 (during the term of the "old" contract), R.C. Sec. 124.31 was amended by the Ohio General Assembly, completely eliminating the provisions for the computation and addition of seniority points to promotional exams covered by the statute.

{¶7}.  The aforesaid examination for sergeants was administered on September 29, 2012. Four applicants, including Appellee Rogers, achieved a passing score. However, appellee was not awarded any seniority points.

{¶8}.  Appellee thereupon appealed his denial of seniority points for promotion to the City of Massillon Civil Service Commission. That appeal was heard by the Commission and was denied.

{¶9}.  Officer Rogers subsequently filed a notice of administrative appeal to the Stark County Court of Common Pleas. On April 17, 2013, the common pleas court reversed the ruling of the Civil Service Commission, holding that  the effective date of the most recent contract between the Union and the City was the date the contract was signed and that the statute in effect at the beginning date of the contract controls. It

correspondingly found that the new contract, by its own terms, did not come into effect until November 19, 2012, several months after the administration of the subject promotional exam. The trial court proceeded to apply the "old" contract under the terms in effect on its commencement date of 2009, before the 2011 statutory amendments eliminating seniority points, thus awarding appellee his seniority points for promotion to sergeant.

{¶10}. Appellant City of Massillon filed a notice of appeal to this Court on May 14, 2013. It herein raises the following sole Assignment of Error:

{¶11}. "I.  THE [TRIAL] COURT ERRED WHEN IT REVERSED THE RULING OF THE CIVIL SERVICE COMMISSION."

I.

{¶12}. In its sole Assignment of Error, Appellant City of Massillon contends the trial court committed reversible error in reversing the civil service commission's decision to deny seniority points regarding sergeant's promotion to appellee. We disagree.

*Common Pleas Court's Standard of Review*

{¶13}. R.C. 2506.04 sets forth the applicable standard of review for a court of common pleas in R.C. 2506-based administrative appeals. It provides in pertinent part as follows:

{¶14}. "*** [T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision, or remand the cause to the officer or body appealed from with

instructions to enter an order, adjudication, or decision consistent with the findings or opinion of the court. The judgment of the court may be appealed by any party on questions of law as provided in the Rules of Appellate Procedure and, to the extent not in conflict with those rules, Chapter 2505. of the Revised Code."

{¶15}. In reviewing an appeal of an administrative decision, a court of common pleas begins with the presumption that the board's determination is valid, and the appealing party bears the burden of showing otherwise. *See C. Miller Chevrolet v. Willoughby Hills* (1974), 38 Ohio St.2d 298, 302, 313 N.E.2d 400.

{¶16}. The Ohio Supreme Court further stated as follows in *Henley v. Youngstown Bd. of Zoning Appeals* (2000), 90 Ohio St.3d 142, 147, 735 N.E.2d 433:

{¶17}. "[W]e have distinguished the standard of review to be applied by common pleas courts and courts of appeals in R.C. Chapter 2506 administrative appeals. The common pleas court considers the 'whole record,' including any new or additional evidence admitted under R.C. 2506.03, and determines whether the administrative order is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence. *See Smith v. Granville Twp. Bd. of Trustees* (1998), 81 Ohio St.3d 608, 612, 693 N.E.2d 219, * * * citing *Dudukovich v. Lorain Metro. Hous. Auth.* (1979), 58 Ohio St.2d 202, 206-207, 12 O.O.3d 198, 389 N.E.2d 1113 * * *."

*Appellate Standard of Review*

{¶18}. As an appellate court, however, our standard of review to be applied in an R.C. 2506.04 appeal is "more limited in scope." *Kisil v. Sandusky* (1984), 12 Ohio St.3d 30, 34, 12 OBR 26, 465 N.E.2d 848. "This statute grants a more limited power to the

court of appeals to review the judgment of the common pleas court only on 'questions of law,' which does not include the same extensive power to weigh 'the preponderance of substantial, reliable and probative evidence,' as is granted to the common pleas court." *Id.* at f.n. 4. *See*, *also*, *Health Management, Inc. v. Union Twp. Bd. of Zoning Appeals* (1997), 118 Ohio App.3d 281, 285, 692 N .E.2d 667. "It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court." *Lorain City School Dist. Bd. of Edn. v. State Emp. Relations Bd.* (1988), 40 Ohio St.3d 257, 261, 533 N.E.2d 264. Ultimately, the standard of review for appellate courts in a 2506 appeal is "whether the common pleas court abused its discretion in finding that the administrative order was or was not supported by reliable, probative and substantial evidence." *See Weber v. Troy Twp. Bd. of Zoning Appeals,* Delaware App.No. 07 CAH 04 0017, 2008-Ohio-1163, ¶ 13, citing *City of Ashland v. Gene's Citgo, Inc.* (2000), Franklin App. No. 99AP-938, 2000 WL 423992.

## *Analysis of the Trial Court Ruling*

{¶19}. It is undisputed that both the "old" 1/1/09-6/30/12 extended contract and the "new" 7/1/12-6/30/15 contract use the now-obsolete definition of a final score as including "seniority points." However, both contracts nonetheless defer to statutory authority by including the following: "Credit for seniority shall be awarded in accordance with Sections 124.31 and 124.44 of the Ohio Revised Code." We also observe that the Collective Bargaining Agreement itself states: "If by operation of law or by a court of competent jurisdiction it is found that any provision shall be of no further force and effect, the remainder of the Agreement shall remain in full force and effect for the Agreement term." CBA, Article II.

**{¶20}.** Appellant City of Massillon herein maintains that the events pertinent to the present appeal all occurred under the term of the "new" contract, i.e., the 7/1/12-6/30/15 version. The trial court, however, determined that the "old" contract, i.e., the 1/1/09-6/30/12 version, would control, based on the prefatory language that "[t]erms of this contract shall be effective as of the date of signing." The trial court reasoned that because the "new" contract was not fully signed until November 19, 2012, the notice of examination of July 11, 2012 and the actual examination of September 29, 2012 must fall under the terms of the "old" contract. The trial court finally reasoned that because "[t]he statute in effect at the beginning date of the contract controls," the earlier version of R.C. 124.31 (prior to the June 30, 2011 amendments) must be applied, based on the "old" contract's apparent beginning date of January 1, 2009. *See* Judgment Entry at 3. Accordingly, the trial court reversed the Commission decision and awarded appellee his seniority points.

*Conclusion*

**{¶21}.** Based on our more limited standard of review as an appellate court in an R.C. 2506 appeal, and given the unusual alignment of events in this matter and the tentative language of Section 43.7 of the contracts, we hold the trial court's decision to reverse the Commission's decision by reverting to the terms of the old contract as understood on its 2009 commencement date, prior to the statutory removal of seniority points in 2011, does not rise to the level of abuse of discretion or reversible error.

{¶22}. Appellant's sole Assignment of Error is therefore overruled.

{¶23}. For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.

By: Wise, P. J.

Baldwin, J., concurs.

Delaney, J., dissents.

JWW/d 0304

*Delaney, J., dissenting.*

**{¶24}** I respectfully dissent from the majority opinion.

**{¶25}** I would follow R.C. 124.31, as amended by the Ohio General Assembly, effective June 30, 2011, and the parties' contractual intentions as set forth in Article II of the CBA, which includes reference to R.C. 124.31, in both the old and new contracts. While it is unfortunate the City of Massillon made a mistake in failing to eliminate reference to seniority points in the notice of promotional examination, the outcome of this case is unaffected by the mistake.

**{¶26}** As a matter of law, the trial court was incorrect in reversing the Commission's decision. I would therefore sustain Appellant's sole Assignment of Error.

_____<br>HON. PATRICIA A. DELANEY