OPINION
Defendants-appellants Bench Signs Unlimited and Don Campbell and Jack Koury dba Bench Signs Unlimited appeal from the June 14, 2001, Judgment Entry of the Stark County Court of Common Pleas. The plaintiff-appellee is the City of Canton.
 STATEMENT OF THE FACTS AND CASE
On or about November 7, 1994, Canton City Council adopted Codified Ordinance Section 1130.09 regulating public bench signs in the City of Canton. That Ordinance stated the following:
 (a) Notwithstanding the provisions and regulations contained in this chapter and notwithstanding Section 521.04(c), public bench signs may be permitted at bus stops on the routes of the Canton Regional Transit Authority. The public bench signs are not permitted in R-1, R-1A, or R-2 zones of the City of Canton, but may be permitted in all other zoning areas of the City of Canton.
 (b) No public bench may exceed three and one-half feet in height, six feet in width and two and one-half feet in depth. The sign erected on the public bench may not exceed six feet in width and three feet in height. There shall be only one public bench sign per Canton Regional Transit Authority bus stop, unless additional bench signs are approved by the Zoning Inspector. Said benches shall be a minimum of two feet from the street curb and parallel to the street. Said benches shall be within eight feet of the RTA bus stops.
 (c) Any person desiring to erect public bench signs pursuant to these sections shall make application to the Zoning Inspector. The Zoning Inspector, in his discretion, may issue permits for public bench signs at Canton Regional Transit Authority bus stops within the applicable zoning. In granting the public bench sign permit, the Zoning Inspector shall take into consideration public service, public safety and public convenience. The Zoning Inspector shall not unreasonably deny said permit. The permit fee shall be twenty dollars ($20.00) for each public bench sign.
(Ord. 276-94. Passed 11-7-94.)
City of Canton Codified Ordinance Section 1130.09.
Appellants-defendants Jack Koury and Don Campbell were partners in a business known as Bench Signs Unlimited [hereinafter appellants]. On or about January 18, 1995, defendants were issued Permit No. 95-14 permitting appellants to place approximately 400 benches at Canton Regional Transit Authority (RTA) (now known as the Stark Area Regional Transit Authority) [hereinafter SARTA] bus stop locations. Appellant Jack Koury signed Permit No. 95-14 indicating that Bench Signs Unlimited agreed to comply with City of Canton zoning regulations and to place benches only at bus stops which had a bus stop sign.
On February 6, 1997, and March 20, 1998, the City of Canton sent letters to appellants regarding bench signs alleged to be in noncompliance with the Ordinance. Attached to the letters were lists identifying the locations of the benches in question. The February 6, 1997, letter identified fifty-four bench signs alleged to be in noncompliance. The March 20, 1998, letter identified approximately sixteen bench signs that were allegedly in noncompliance.[1]
On October 13, 2000, the City of Canton and the City's Zoning Inspector, Richard Zengler, filed a Complaint against Bench Signs Unlimited and Don Campbell and Jack Koury dba Bench Signs Unlimited. In the Complaint, the City of Canton sought to enforce the zoning ordinances of the City of Canton through preliminary and permanent injunctive relief and money damages. The Complaint stated that appellants had failed to comply with Canton Codified Ordinance 1130.09 [hereinafter the Ordinance] and had breached the agreement between the parties to limit benches to bus stops with bus stop signs.
The Complaint identified six benches that were allegedly placed at locations where there were no bus stops. The Complaint alleged that on August 28, 2000, and on October 4, 2000, notice was given to appellants to comply with the Canton City Ordinance and correct the deficiencies described above. Allegedly, "[d]espite, demand and every formality required by law, [appellants] have maintained and continue to maintain the benches in violation of Canton City Ordinances and their agreement with the [City of Canton]." Complaint, paragraph 12. The Complaint stated that "numerous other violations of the ordinance exist including benches placed in the middle of sidewalks, making access to the sidewalks inaccessible to wheelchairs. Such violations are numerous and have not all been ascertained at this time." Complaint, para. 13.
On January 5, 2001, the trial court issued a Judgment Entry that denied the City of Canton a preliminary injunction. However, the Judgment Entry indicated that appellants agreed voluntarily to remove three of the bench signs within seven days.
While the Complaint for an injunction was pending, on March 23, 2001, the Canton Zoning Inspector revoked Permit No. 95-14. The revocation letter sent to appellants by the Zoning Inspector stated that "the reason for such revocation is repeated and continuous violation of Canton City Ordinance Section 1130.09 regulating bench signs and your violation of your agreement to place benches only at bus stop locations designated by a SARTA [bus stop] sign. Compliance with the Canton City Ordinance and placement of benches only at bus stop locations designated by a bus stop sign was a condition of the granting of the permit." The letter further stated that appellants had until April 6, 2001, to remove all benches currently in the City of Canton.
On April 12, 2001, the City of Canton filed a "Motion for Order Authorizing Removal of Bench Signs". In the Motion, the City informed the trial court that appellants' "permit" authorizing appellants to place the bench signs in the City of Canton had been revoked. The City alleged that appellants had failed to remove the bench signs, as ordered by the City. Therefore, the City sought an Order from the trial court authorizing the City of Canton to remove the bench signs at appellants' expense.
A pretrial was held on April 12, 2001. Both parties agreed that an administrative appeal to the Board of Zoning Appeals from the March 23, 2001, revocation notice, regarding Permit 95-14, would be duplicative since the issues were related to the City of Canton's Complaint. April 19, 2001, Judgment Entry. Therefore, according to the Judgment Entry filed April 19, 2001, the parties agreed that all issues concerning the revocation notice would be addressed by the trial court in an evidentiary hearing. The parties further agreed that neither party would raise an issue on appeal regarding the jurisdiction of the trial court to decide and determine all revocation issues at that hearing.The evidentiary hearing was held on April 26, 2001 and May 24, 2001. On June 14, 2001, the trial court found that the March 23, 2001, revocation of Permit 95-14 was valid and effective. The trial court found that appellants had notice since February 6, 1997, of continuous repeated violations of the ordinance and failed to make the necessary corrections. Therefore, the trial court sustained the City of Canton's motion to permanently revoke Permit No. 95-14. The trial court ordered appellants to remove all bench signs from the City of Canton within thirty days from the date of the Judgment. Further, the trial court ordered appellants to pay the City of Canton's attorney fees and costs associated with the matter. In conclusion, the trial court ordered that any bench sign not removed within the 30-day period would be removed by the City of Canton at appellants' costs. A damage hearing would be set, if necessary, to ascertain the City of Canton's costs in removing those bench signs and for the purpose of granting judgment against the appellants in favor of the City of Canton.
It is from the June 14, 2001, Judgment Entry of the trial court that appellants appeal, raising the following assignments of error:
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING A PERMANENT INJUNCTION AND UPHOLDING THE APPELLEE'S REVOCATION OF PERMITS WITH REGARD TO BENCH SIGNS WHICH WERE NOT IN VIOLATION OF THE APPELLEE'S ORDINANCE CONCERNING SUCH.
 THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING A PERMANENT INJUNCTION AND UPHOLDING THE APPELLEE'S REVOCATION OF PERMITS WITH REGARD TO BENCH SIGNS WHICH WERE PURPORTEDLY NOT IN COMPLIANCE WITH THE APPELLEE'S ORDINANCE CONCERNING SUCH BY VIRTUE OF THE BENCH SIGNS EITHER NOT BEING PARALLEL TO THE STREET OR IMPEDING WHEEL CHAIR ACCESS TO THE SIDEWALK.
 III. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY GRANTING A PERMANENT INJUNCTION AND UPHOLDING THE APPELLEE'S REVOCATION OF PERMITS WITH REGARD TO BENCH SIGNS LOCATED AT SITES WHICH SERVE AS BUS STOPS, BY [SIC] DO NOT PRESENTLY HAVE A BUS STOP SIGN DISPLAYED.
 IV. THE TRIAL COURT ERRED, AS A MATTER OF LAW, BY AWARDING THE APPELLEE ITS ATTORNEY FEES.
 V. THE TRIAL COURT'S AWARD OF APPELLEE'S ATTORNEY FEES WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AND WAS IS [SIC] AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II III
In the first three assignments of error, appellants argue that the trial court erred when it granted a permanent injunction and upheld the revocation of all of appellants' permits for bench signs, including those that were not in violation of the City of Canton's Ordinance. Appellants contend that the City of Canton could only revoke a permit or order removal of a bench sign if the bench sign remained in noncompliance with the Ordinance, after proper notice and an opportunity to cure the problem. For judicial economy, we will address the first three assignments of error together.
We will first address the trial court's decision to sustain the "City of Canton's motion to permanently revoke permit No. 95-14." June 14, 2001 Judgment Entry, page 3. Although the trial court expressed its decision in terms of sustaining the City of Canton's motion to permanently revoke Permit 95-14, in reality, the trial court was deciding whether to affirm the City of Canton's administrative decision to revoke Permit 95-14. The trial court, in essence, affirmed the City's decision to revoke Permit 95-14. However, before considering this issue, we set forth the standard of review. Our standard of review is whether, as a matter of law, the decision of the common pleas court is supported by a preponderance of reliable, probative, and substantial evidence. Kisil v. Sandusky
(1984), 12 Ohio St.3d 30, 34.
Appellants argue that the City of Canton was required to provide them with notice as to any bench sign that was not in compliance with the Ordinance and give appellants an opportunity to cure the problem before the City could revoke a permit. The Ordinance states the following, in pertinent part:
11 63.02.00 Duties of Zoning Inspector
. . .
 (a) Upon finding that any of the provisions of this Zoning Ordinance are being violated, he shall notify in writing the persons responsible for such violation(s), ordering the action necessary to correct such violation. A complete and accurate record of the action taken in connection with all violations shall be maintained including all correspondence, date of owner's notification and dates of inspections;
. . .
 (f) Issue a zoning permit and certificate of compliance if the application and subsequent work is in conformance with the provision of the Zoning Ordinance. If the application and/or subsequent work is not in conformance with the provisions of this Zoning Ordinance, he shall inform the applicant of the reasons why the application and/or work does not comply. If the applicant refuses to make the necessary changes, the zoning permit and/or certificate of compliance shall be refused and/or revoked the reason for same clearly stated. (Ord. 205-84 Passed 11-26/84.) (Emphasis added)
We agree with appellants that the City of Canton's Zoning Ordinances requires the Zoning Inspector to give a permit holder written notice of any noncompliance with a Zoning Ordinance or permit and an opportunity to cure before a permit may be revoked.[2] The notice must be specific enough that the party has an opportunity to cure the noncompliance.Nucklos v. Board of Building Appeals (Dec. 10, 2001), Stark App. No. 2001CA00092, unreported. If a permit holder must receive notice of any noncompliance, followed by an opportunity to correct the problem before a permit may be revoked, the issue becomes whether the City of Canton issued one permit that permitted appellants to place 400 benches at various locations or whether the City issued 400 permits, each permitting appellants to place a bench sign at a given location. The City of Canton contends that only one permit was issued, namely Permit No. 95-14. However, appellants argue that 400 permits were issued which were consolidated onto one permit form. The trial court did not expressly address this issue. However, since the trial court refers to the "Permit" in the singular form, we can infer that the trial court considered there to be one permit only.
The City of Canton's Zoning Inspector testified that, in reality, 400 permits were issued which were typed onto one permit form for convenience:
Now, how much of a fee did you collect for that permit?
A. $8,000.
Q. For 400 sites; is that correct?
A. Four hundred signs, right.
Q. In fact, isn't that permit really 400 permits?
 A. Yes. For the sake of clerical efficiency, I am a one-man zoning department. We put them all together instead of filling out four hundred separate cards.
Transcript of Proceedings, April 26, 2001, page 35.
Further, the City of Canton's Complaint stated that appellants were issued "permits" to place the benches. Complaint, Paragraphs 9 and 10. Accordingly, we find that the record does not support a finding that only one permit was issued but does support a finding that 400 permits were issued to appellants.
Thus, to revoke all 400 permits, the record must support a finding that appellants were notified of noncompliance concerning each of the 400 permits, given a reasonable opportunity to cure and that appellants failed to do so in a reasonable period of time. It is apparent from the record that appellants were notified that some of the benches were in noncompliance and given an opportunity to cure before the permits were revoked. However, it is also apparent that notice and opportunity to cure were not given to appellants indicating that each bench sign involved in each permit was in noncompliance. Therefore, we find that the trial court's decision which effectively revoked all 400 permits was not supported by a preponderance of reliable, probative and substantial evidence. Only those permits for which there is sufficient evidence demonstrating notice, opportunity to cure and continued noncompliance could be revoked.
However, before we remand this issue to the trial court, there is another issue this court must consider. In this case, there is an issue whether appellants must comply with a condition imposed upon and/or agreed to by appellants when the permits were issued. Permit 95-14 stated, in relevant part:
 This letter shall serve as the Zoning Permit #95-14 for the bench signs to be used at RTA sites. . . . RTA bus sites are only those locations which have a sign posted by RTA indicating the site as a bus stop.
The Ordinance, supra, did not define a "bus stop" and did not limit the placement of benches to bus stop locations identified by a bus stop sign.
Appellants assert that a bench sign cannot be found in noncompliance just because it was placed at a bus stop that does not display a bus stop sign. Appellants argue that since the Ordinance language does not include such a restriction, the restriction cannot be imposed. We disagree.
In this case, the Zoning Inspector had discretion to issue or deny the permits. The Ordinance stated that "the Zoning Inspector, in his discretion, may issue permits for public bench signs at . . . bus stops within the applicable zoning [taking] into consideration public service, public safety and public convenience." Ordinance, para. (c). We find the Zoning Inspector's decision as to whether to issue a bench sign permit analogous to the decision whether to issue a conditional use permit. When a use is conditional, the decision maker may impose necessary conditions and safeguards to assure that the standards of the ordinance are met. Gillespie v. Stow (1989), 65 Ohio App.3d 601, 607. "The very nature and purpose of a conditional zoning permit is to allow regulation of a permitted use in light of its effect on the health, safety and welfare of the public. The determination of conditions to be imposed on a permitted use . . . is a matter of discretion." Standard Oil Company v.City of Tallmadge (April 17, 1991), Summit App. No. 14791, unreported. Here, the Zoning Inspector could exercise his discretion and impose a condition to ensure that public service, public safety and public convenience were met.
The trial court found that appellants agreed to the condition in the permit. Upon review of the record, we agree with the trial court and find that appellants agreed to the permit condition that the benches be placed only at bus stops identified by a bus stop sign. Accordingly, appellants are estopped from asserting this argument. In accord, Liberty TownshipBoard of Trustees v. Voss (Feb. 11, 2002) Delaware App. No. 01-CA-16, unreported. If appellants had concerns about the condition imposed, they should have sought redress at the time the permits were issued. Thus, appellants' are bound to comply with the permit condition and place bench signs only at bus stops designated by a bus stop sign.
Appellants also argue that the trial court erred when it granted a permanent injunction against the bench signs.[3] A review of the June 14, 2001, Judgment Entry reveals that the trial court ordered the appellants to remove all of the bench signs from the City of Canton within thirty days of the Judgment. Appellant argues that the trial court could not grant an injunction ordering the removal of all of the bench signs. Specifically, appellants argue that the trial court could not order the removal of bench signs which were not shown to be in violation of the Ordinance. Appellants contend that the trial court could only order the removal of bench signs that the trial court found to be in noncompliance and for which either: 1) notice and opportunity to cure had been given or 2) compliance was impossible. We agree.
The standard of review regarding the granting of an injunction by a trial court is whether the trial court abused its discretion. MechanicalContractors Association of Cincinnati, Inc. v. University of Cincinnati
(2001), 141 Ohio App.3d 333, 338. The terms abuse of discretion connotes more than an error of law or judgment. It applies that the court's attitude is unreasonable, arbitrary or unconscionable. Id.
The City of Canton, in essence, filed two requests for injunctive relief. The first was contained in the Complaint. In the Complaint, the City of Canton requested that the trial court order appellant to correct any bench sign erected in violation of the Ordinance and remove any bench sign not permitted by the Ordinance. The City's second request for injunctive relief came in the City of Canton's "Motion for Order Authorizing Removal of Bench Signs." In that Motion, the City informed the trial court of the City's revocation of Permit No. 95-14 and the appellants' failure to remove the bench signs, as ordered by the City. The City sought authorization to remove any of appellants' bench signs located in the City's right-of-way.
A review of the trial court's Judgment Entry shows that the trial court ordered the removal of all of appellants' bench signs from the City of Canton immediately after affirming the City's revocation of Permit No. 95-14. While the City made two separate and distinct requests for injunctive relief, we find that, in effect, the trial court granted the City's Motion requesting the removal of the benches as a consequence of the revocation of Permit No. 95-14.
As held above, we find that the trial court could only affirm the revocation of a bench sign permit if the requisite notice of noncompliance, opportunity to cure and continued lack of compliance with the Ordinance were proven by the City of Canton. We find that the Order to remove the bench signs was predicated on the trial court's decision to affirm the revocation of all of the bench sign permits which it treated as a single permit encompassing all the bench signs. Therefore, we find that the trial court abused its discretion in regard to any bench sign ordered to be removed when revocation of the corresponding permit was in error. Further, we agree with the appellant's position that the trial court can only order the removal of bench signs that the trial court found to be in noncompliance and for which either: 1) notice and opportunity to cure had been given or 2) compliance was impossible.
In conclusion, this matter is remanded to the trial court to determine, from the record of the evidentiary hearing, on which permits appellants were provided the requisite notice of noncompliance and opportunity to cure. Then, the trial court must determine whether the City of Canton has shown that appellants failed to cure within a reasonable period of time. If the record supports a finding that each of these requirements has been met, then the trial court can affirm the City's decision to revoke a bench sign permit. The trial court then can order removal of any bench sign that corresponds to a properly revoked permit. Pursuant to the original complaint for injunctive relief, the trial court may also order that a bench sign be placed in compliance with a non-revoked permit or that a bench sign be removed if it is impossible to place the sign in compliance with the zoning ordinance or with a permit.[4]
Appellants' first, second and third assignments of error are sustained, in part, and overruled, in part.
 IV V
In the fourth and fifth assignments of error, appellants argue that the trial court erred when it awarded attorney fees to the City of Canton. In assignment of error IV, appellants challenge the fact that the trial court awarded attorney fees without stating the specific dollar amount awarded and argue that the attorney fees were inappropriate since the City's cause of action sounded in breach of contract. In assignment of error V, appellants allege that no evidence was provided as to the amount of time that the City of Canton's attorney(s) actually spent on the case. Therefore, appellants argue that the decision was error and against the manifest weight and sufficiency of the evidence.
The City of Canton argues that this was not a breach of contract case but a zoning violation case. The City points out that Canton City Code 1161.99 specifically authorizes the award of attorney fees and costs in cases involving the violation of zoning regulations. Further, the City of Canton contends that the trial court set the issue of attorney fees and costs for a subsequent damage hearing at which time the City of Canton would have had the opportunity to present evidence regarding the work performed on the case. At that hearing, the appellants would have had an opportunity to challenge that evidence.
First, we find that appellants' argument that an award of attorney fees was an error of law because attorney fees are not available in actions sounding in breach of contract must fail. This is not a breach of contract case but is a case arising from zoning ordinances and conditions imposed on zoning permits issued by a zoning inspector. We find that this case is a question of zoning, not contract.
Second, pursuant to our decision to reverse and remand this matter to the trial court, we find the issues regarding whether the trial court erred when it failed to state a specific amount of attorney fees awarded or whether there was sufficient evidence to support an award of attorney fees are premature. However, we do find that it is not clear from the trial court's entry that the trial court intended to hold a hearing at a later date to consider the amount of attorney fees to be awarded.
Appellants' fourth and fifth assignments of error are overruled, in part, and found premature, in part.
The judgment of the Stark County Court of Common Pleas is reversed. This matter is remanded to the trial court for proceedings in accordance with this opinion.
By EDWARDS, J. GWIN, P.J. and WISE, J. concur
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas is reversed. The matter is remanded to the trial court for further proceedings in accordance with this opinion. Costs to appellees.
[1] The March 20, 1998, letter is not specific as to the location or number of some benches allegedly placed in violation of the Ordinance.
[2] It is not sufficient notice of a violation of the Ordinance if the party first learns of an alleged violation through oral testimony at a hearing held after the permit was revoked.
[3] A municipality may bring a suit for an injunction to prevent or terminate a violation of zoning ordinances. R.C. 713.13. Revised Code 713.13 states the following: "No person shall erect, construct, alter, repair, or maintain any building or structure or use any land in violation of any zoning ordinance or regulation enacted pursuant to sections 713.06 to 713.12, inclusive, of the Revised Code, or Section 3
of Article XVIII, Ohio Constitution. In the event of any such violation, or imminent threat thereof, the municipal corporation, or the owner of any contiguous or neighboring property who would be especially damaged by such violation, in addition to any other remedies provided by law, may institute a suit for injunction to prevent or terminate such violation." R.C. 713.13.
[4] Upon remand, the trial court should not issue this injunctive relief if fundamental due process procedures of notice and opportunity to be heard have not been followed regarding notice to the defendants of the specific locations of the bench signs at issue.