THOMAS R. WRIGHT, J.
{¶ 1} Appellants, the City of Streetsboro Planning and Zoning Commission and two of the city's zoning officials, appeal the common pleas court's decision reversing the Commission's determination denying a conditional use permit. Appellants primarily challenge the common pleas court's ruling that the Commission misapplied the evidence to the statutory criteria. The trial court's decision is reversed and the Commission's determination is reinstated.
{¶ 2} Appellee, Shelley Materials, Inc., an Ohio corporation, is engaged in the business of extracting natural resources. This includes surface mining to extract sand and gravel, employed in the construction of roads and building foundations. At some point prior to April 2016, appellee executed a lease to the mineral rights underlying a 226-acre tract of land, previously a horse farm, located near the intersection of State Route 14 and Diagonal Road.
{¶ 3} The tract is zoned as a rural-residential district. Since 1981, surface mining has been a permitted conditional use in rural-residential districts and has occurred at a few sites over the years. When appellee entered into the lease, a surface mine was being operated by a separate entity, Jefferson Materials, Inc. That site abuts the northwest corner of the tract. In light of the proximity, appellee entered into an agreement with Jefferson Materials, wherein all sand and gravel extracted at the proposed site would be transferred to the Jefferson Materials site for processing.
{¶ 4} Prior to beginning the process of obtaining permits to surface mine the tract, appellee held a public meeting to explain the project to those interested. Some who attended this meeting were homeowners whose property abuts the *3 proposed site. After the public meeting, one of those homeowners, George Mitchell IV, hired counsel and submitted an application with the City of Streetsboro to amend its zoning ordinance to ban surface mining as a permitted conditional use throughout the city. On April 12, 2016, as part of the amendment process, the Commission passed a recommendation banning surface mining. Three months later, on June 27, 2016, the Streetsboro City Council adopted the amendment.
{¶ 5} On April 13, 2016, before the amendment was passed, appellee filed its application for a conditional use permit. Since a property owner's entitlement to a zoning permit is determined in accordance with the ordinances in effect at the time of application, the amendment banning surface mining could not be applied to appellee's application. Beth Jacob Congregation v. City of Huber Heights Bd. of Zoning Appeals , 2d Dist. Montgomery No. 16650, 1998 WL 125568, *2 (Mar. 20, 1998).
{¶ 6} After appellee's application was initially reviewed by the city zoning director, it filed a supplemental submission, addressing some of the concerns raised by the zoning director. The Commission then conducted an initial hearing on the application on June 14, 2016, consisting of unsworn statements made by those in attendance regarding the proposed project.
{¶ 7} A three-day evidentiary hearing before the Commission was held later. During this hearing, appellee presented testimony addressing the six general criteria set forth in Section 1153.03(c) of the city zoning ordinance for the issuance of a conditional use permit. In relation to whether the proposed surface mining project would be detrimental to the property in the immediate vicinity, appellee presented the testimony of Paul K. Bidwell, a certified residential and commercial appraiser. Based upon a report he previously produced, Bidwell testified that, in his opinion, surface mining would have no adverse effect upon the value of the homes in the immediate vicinity.
{¶ 8} Thereafter, the Commission heard sworn testimony from the Portage County Regional Commission Director, the city zoning director, a private engineer, and an environmental scientist regarding application. Appellee's lead counsel declined to question them. Mitchell's counsel presented two witnesses and legal arguments concerning whether appellee had carried its burden of proof.
{¶ 9} After discussion, in September 2016, the Commission denied the application. The Commission stated in part that surface mining is not consistent with the general "spirit" of the city's zoning ordinance, citing the recent surface mining ban. The Commission also found that appellee failed to meet at least four of the six requirements.
{¶ 10} Appellee appealed to the common pleas court, where the case was initially assigned to a magistrate for consideration. After the record of the Commission proceedings was filed, including transcripts of the three evidentiary hearings, appellee and the Commission submitted briefs. The parties presented oral arguments in a separate hearing, but no additional evidence was submitted.
{¶ 11} In a written decision, the magistrate concluded that the Commission erred in basing its determination, in part, upon improper non-evidentiary materials. She found error with Commission members' statements referencing opinions expressed by the public during the first hearing and the reference in the Commission's decision noting the ban. The magistrate also held that none of the Commission's findings were supported by a preponderance of the evidence, and that appellee carried its burden *4 of proof on all six requirements. The magistrate recommended reversing the Commission's ruling and entering judgment granting appellee a surface mining permit.
{¶ 12} The Commission objected, challenging all aspects of the magistrate's decision. In relation to the statutory requirements for a conditional use permit, the common pleas court held that the magistrate followed the proper standard of review in determining whether the Commission's factual findings were supported by the evidence. The court also upheld the magistrate's conclusion that the Commission had improperly considered the passage of the recent city ordinance proscribing surface mining. The court ultimately overruled the Commission's objections and entered judgment in favor of appellee.
{¶ 13} Appellants appeal assigning the following as error:
{¶ 14} "The trial court committed reversible error when it adopted the magistrate's decision, which reversed the decision of the City of Streetsboro Planning and Zoning Commission."
{¶ 15} Although the Commission asserts three separate issues for review, only the second issue is addressed as it is dispositive. Under that issue, the Commission contends that both the common pleas court and the magistrate erred in rejecting its factual findings. Focusing upon the fourth of the six requirements, the Commission maintains that the magistrate should have affirmed its finding that appellee failed to establish that the proposed surface mining project would not be detrimental to property in the immediate vicinity. According to the Commission, the magistrate erred in holding that the Commission was required to accept Bidwell's uncontroverted testimony.
{¶ 16} R.C. 2506.04 sets forth the standard of review for a common pleas court hearing an administrative appeal:
{¶ 17} "[T]he court may find that the order, adjudication, or decision is unconstitutional, illegal, arbitrary, capricious, unreasonable, or unsupported by the preponderance of substantial, reliable, and probative evidence on the whole of the record. Consistent with its findings, the court may affirm, reverse, vacate, or modify the order, adjudication, or decision * * *."
{¶ 18} In relation to a zoning board's factual determinations, the common pleas court must decide whether the findings are supported by a preponderance of the substantial, reliable, and probative evidence in the administrative record. Battaglia v. Newbury Twp. Bd. Of Zoning Appeals , 11th Dist. Geauga No. 99-G-2256, 2000 WL 1804344, *2 (Dec. 8, 2000).
{¶ 19} "In undertaking this review, the common pleas court, acting as an appellate court, must give due deference to the administrative agency's determination of evidentiary conflicts. Battaglia , supra , at *7. Accordingly, the common pleas court may not substitute its judgment for that of the agency. Id. ; [ Community Concerned Citizens, Inc. v. Union Twp. Bd. of Zoning Appeals , 66 Ohio St.3d 452, 456, 613 N.E.2d 580 (1993) ]. Rather, the common pleas court 'is bound by the nature of the administrative proceedings to presume that the decision of the administrative agency is reasonable and valid[,]' and the burden of demonstrating the invalidity of the agency's decision is on the contesting party. Id. ; * * *. See also C. Miller Chevrolet v. Willoughby Hills , 38 Ohio St.2d 298, 313 N.E.2d 400 (1974), paragraph two of the syllabus." Green Vision Materials, Inc. v. Newbury Twp. Bd. of Zoning Appeals , 11th Dist. Geauga No. 2013-G-3136, 2014-Ohio-4290, 2014 WL 4824981, ¶ 50.
*5 {¶ 20} "The role of an appellate court is even more limited in scope. A court of appeals must affirm the decision of the common pleas court unless it finds, as a matter of law, that the decision of the court of common pleas is not supported by a preponderance of substantial, reliable, and probative evidence. [ Kisil v. Sandusky , 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984) ]. While the court of common pleas has the power to weigh the evidence, an appellate court is limited to reviewing the judgment of the common pleas court strictly on questions of law. [ Battaglia , supra ]." Akwen, Ltd. v. Ravenna Zoning Bd. of Appeals , 11th Dist. Portage No. 2001-P-0029, 2002 WL 480041, *3 (Mar. 29, 2002).
{¶ 21} Section 1153.03 of the city zoning ordinance states:
{¶ 22} "(a) The applicant shall be required to establish by clear and convincing evidence that the general standards of this Zoning Ordinance and this Chapter and the specific standards pertinent to each proposed use shall be met for the proposed use provided further that any requirements of this Zoning Ordinance for permitted use(s) within a district shall be applicable to any conditional use unless otherwise stated herein.
{¶ 23} "(b) The Planning and Zoning Commission shall determine if the proposed use complies with these regulations and shall insure (sic) that the specific standards and requirements of this Zoning Ordinance pertinent to the proposed use shall be satisfied.
{¶ 24} "(c) General Standards. The Planning and Zoning Commission shall review the particular facts and circumstances of each proposed use in terms of the following standards and shall find adequate evidence showing that such use of the proposed location:
{¶ 25} "(1) Will be harmonious with and in accordance with the general objectives or with any specific objective of the Streetsboro Development Policy Plan of current adoption;
{¶ 26} "(2) Will be designed, constructed, operated and maintained so as to be harmonious and appropriate in appearance with the existing or intended character of the general vicinity and that such use will not change the essential character of the same area;
{¶ 27} "(3) Will not be hazardous or disturbing to existing or future neighboring uses;
{¶ 28} "(4) Will not be detrimental to property in the immediate vicinity or to the community as a whole;
{¶ 29} "(5) Will be served adequately by essential public facilities and services such as highways, streets, police and fire protection, drainage structures, refuse disposal, and school; or that the persons or agencies responsible for the establishment of the proposed use shall be able to provide adequately any such service;
{¶ 30} "(6) Will have vehicular approaches to the property which shall be so designed as not to create an interference with traffic on surrounding public streets or roads."
{¶ 31} The parties do not dispute that the standard set forth in Section 1153.03(c) applies in the conjunctive; i.e., appellee must satisfy all six requirements to obtain a conditional use permit. Although the Commission did not cite to any specific requirement, it is clear that the Commission found appellee failed to satisfy the first four requirements. On appeal, though, the magistrate held that appellee carried its burden of proof as to all six requirements.
{¶ 32} The fourth requirement is dispositive. As previously noted, appellee's *6 evidence that surface mining will not be detrimental to property in the immediate vicinity, consisted of the testimony of Bidwell, a certified residential and commercial appraiser. Based upon his appraisal of the adjacent homes, and a comparison to properties in other areas located near surface mines, Bidwell opined that the surface mine would not be detrimental to the property values in the immediate vicinity. While there was no conflicting expert testimony, the Commission found Bidwell's testimony lacking because it was predicated on an invalid comparison.
{¶ 33} In rejecting the Commission's conclusion on this point, the magistrate noted that Bidwell had 30 years of experience as an appraiser and had submitted a 76-page report in support of his opinion. The magistrate further noted that, despite the ability to do so, the Commission failed to refer this issue to consultants for further review and therefore, did not produce a conflicting opinion. The magistrate therefore held that the Commission's conclusion against appellee on the detrimental issue is not supported. The common pleas court did not directly address this point.
{¶ 34} The flaw is that the magistrate fails to recognize that appellee has the burden, and provided Bidwell's testimony lacks credibility, appellee fails.
{¶ 35} A trier of fact has no duty to accept evidence, expert or otherwise, as persuasive solely because it was not contradicted or challenged. Bickerstaff v. Ohio Dept. of Rehab. & Corr. , 10th Dist. Franklin Nos. 13AP-1028 and 13AP-1029, 2014-Ohio-2364, 2014 WL 2558945, ¶ 23 ; McWreath v. Ross , 179 Ohio App.3d 227, 2008-Ohio-5855, 901 N.E.2d 289, ¶ 85 (11th Dist.). However, a justifiable reason for rejecting expert testimony must exist; such evidence cannot be ignored arbitrarily. Bickerstaff , at ¶ 23.
{¶ 36} There was a justifiable reason for the Commission to reject Bidwell's opinion. After direct examination, Bidwell was asked multiple questions by commission members and other city officials. In responding to these questions, Bidwell acknowledged that the comparison properties utilized to form his opinion were further away from the surface mine than the properties at issue. Specifically, the properties in his comparison were between 2,000 and 3,000 feet from surface mining, while the properties at issue here are much closer, approximately 500 feet. Moreover, Bidwell acknowledged that some of the properties in the comparison group were probably separated from mining operations by natural buffers, such as woods, furthering distinguishing the comparison properties from the properties at issue. Based upon this, the Commission justifiably found Bidwell's comparison to be lacking, and his opinion unpersuasive.
{¶ 37} The Commission had a justifiable reason to reject Bidwell's opinion. Therefore, since appellee failed to carry its burden, the Commission did not err in denying the application.
{¶ 38} In its final judgment, the common pleas court placed heavy emphasis on the Commission's motivation in deciding against appellee. According to the court, the Commission wanted to act consistently with the recently-enacted ordinance banning surface mining. As to this point, the court aptly noted that one commission member referenced the ban at the third evidentiary hearing and that in its written decision, the Commission concluded that given the current surface mining ban, granting appellee's application would be inconsistent with the spirit of the city's zoning ordinance.
{¶ 39} Nevertheless, nothing indicates that the rejection of Bidwell's testimony was improper. Furthermore, the city law *7 director advised the Commission at the hearing that the amended ordinance could not be considered in deciding appellee's application. Accordingly, as there was a justifiable reason for the Commission to deny the conditional use permit, the trial court erred.
{¶ 40} The Commission's sole assignment of error has merit. The judgment of the Portage County Court of Common Pleas is reversed, and the decision of the City of Streetsboro Planning and Zoning Commission is reinstated.
COLLEEN MARY O'TOOLE, J., concurs,
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
DIANE V. GRENDELL, J., dissents with a Dissenting Opinion.
{¶ 41} I dissent from the majority's decision to reverse the common pleas court's order, based on an incorrect conclusion that the Commission properly denied Shelley Materials' application for a conditional use permit. Given the critical flaws in the Commission's reasoning, including its outright rejection of the only expert testimony as to the impact of the property's use on the surrounding areas and its improper references to recent changes in the Streetsboro zoning ordinances, the lower court's ruling was justified and resulted in the appropriate outcome.
{¶ 42} The majority concludes that the Commission acted within its discretion to find the testimony of an experienced appraiser, Paul Bidwell, unconvincing, thereby justifying a conclusion that Shelley Materials failed to prove that the mining would not be detrimental to nearby property. However, the magistrate rightfully expressed serious concerns about the Commission's decision to entirely reject Bidwell's testimony, especially in light of the lack of any conflicting expert testimony. The Commission, comprised of laymen, essentially determined that it knew more about property valuation than an appraiser with 30 years of experience. In so doing, minor, and likely insignificant, differences in comparison properties were emphasized, such as the distance from the surface mining or separation by natural buffers. The Commission created an unrealistic expectation, essentially requiring Bidwell to find examples of properties that were exactly the same for comparison, a proposition that is unreasonable given the unique circumstances of this type of property. In so doing, the members themselves acted as witnesses, advancing their own opinions, without any supporting evidence, above that of the expert.[1]
{¶ 43} While the majority rejects the lower court's well-reasoned analysis as to the foregoing issue by arguing that there is a limited standard of review, this is unavailing. The Ohio Supreme Court has emphasized that a common pleas court can substitute its judgment for that of the administrative board or commission if it finds that there "is not a preponderance of reliable, probative and substantive evidence to support the board's decision." Kisil v. Sandusky , 12 Ohio St.3d 30, 34, 465 N.E.2d 848 (1984). Importantly, it has explained that this type of review under R.C. 2506.04"often in fact resembles a de novo proceeding." Id. ;
*8 Marks v. Aurora Bd. of Zoning Appeals , 2016-Ohio-5183, 69 N.E.3d 216, ¶ 14 (11th Dist.). Thus, it was necessary for the common pleas court to examine all of the evidence and determine whether there was a preponderance to support the Commission's decision. The court of common pleas is required to hold the Commission accountable and ensure that its findings were supported by reliable and substantial evidence. This is exactly what the lower court did. The Commission rejected Bidwell's report, finding on its own and/or by relying on lay witnesses that there would be an impact on the surrounding properties. This conclusion was correctly rejected by the lower court as not supported by the evidence, since an administrative determination cannot rest upon "inferences improperly drawn from the evidence adduced." Univ. of Cincinnati v. Conrad , 63 Ohio St.2d 108, 111-112, 407 N.E.2d 1265 (1980).
{¶ 44} The necessity of the lower court thoroughly reviewing the Commission's decision-making process, rather than merely rubber-stamping its decision, is especially critical in the present case. There exists a serious concern that the Commission's decision was impacted by nonlegal factors not properly before it for consideration. One member of the Commission noted during the deliberations, in discussing whether the permit application was harmonious with the master zoning plan, that "surface mining is no longer permitted as a conditional use." While recognizing there was a "timing" issue, he considered the "spirit of the code" and noted that "this is not something that the people of Streetsboro want to move forward with as a conditional use." This clearly erroneous and legally feckless analysis indicates that his decision was made with the recent changes to the zoning provisions, prohibiting such permits, in mind. Such analysis is wrong as a matter of law. Other members noted they agreed with his statements. Appellants concede that the zoning code, as amended, could not be applied in this case given that the changes took place after Shelley Materials filed for its permit. An individual cannot be denied a "conditional zoning certificate because the conditionally permitted use proposed is no longer desired for the proposed location. Such a basis is outside [of a body's] administrative authority * * *." Gillespie v. Stow , 65 Ohio App.3d 601, 607, 584 N.E.2d 1280 (9th Dist.1989), citing Gerzeny v. Richfield Twp. , 62 Ohio St.2d 339, 342, 405 N.E.2d 1034 (1980).
{¶ 45} Shelley Materials cannot be punished or prohibited from using its property in a beneficial manner based on changes that occurred after it took steps to lawfully exercise its property use. There is little question that this improper consideration impacted the overall Commission proceedings, given the general tone that Streetsboro should no longer allow this use, even though it was permitted at the time of Shelley Materials' request. Concerns expressed regarding the "spirit of the code" are also improper since, if a conditional use permit for surface mining was not within the "spirit of the code," it would not have been permitted by the zoning code at the time of appellee's filing. The timing of the changes to the zoning ordinances, as well as the commentary throughout the hearings on that change and the request for the permit, should give pause to anyone reviewing the record. It raises serious questions as to whether Shelley Materials truly had a fair chance to receive a permit.
{¶ 46} Finally, this court should be mindful that its review is "more limited in scope" and we can reverse only if we find an error "as a matter of law." Kisil , 12 Ohio St.3d at 34, 465 N.E.2d 848 ; Carrolls Corp. v. Willoughby Bd. of Zoning Appeals, 11th Dist. Lake No. 2005-L-110, 2006-Ohio-3411, 2006 WL 1816935, ¶ 10. Any errors alleged here simply do not rise to the level of error as a matter of law. The lower court appropriately exercised its *9 duty to review the Commission's decision and determined it was not supported by reliable and probative evidence. Legitimate questions were raised as to why valid expert evidence was rejected, without any contrary testimony. Comments or questions made by a zoning appeals or commission members do not constitute evidence and a commission's decision must be supported by, and limited to, evidence in the record other than the members' personal statements or beliefs. See Kuhns v. Kent , 11th Dist. Portage No. 2010-P-0002, 2010-Ohio-5056, 2010 WL 4054446, ¶ 19 ; Cooper State Bank v. Columbus , 10th Dist. Franklin Nos. 14AP-414 and 14AP-415, 2015-Ohio-2533, 2015 WL 3917588, ¶ 31. In reversing, this court recklessly and improperly interferes with the lower court's prescient exercise of its authority to review decisions in administrative matters.
{¶ 47} Given the foregoing, the flaws in the Commission's decision and the common pleas court's proper exercise of its authority in reviewing that decision, it is evident that reversal is not warranted. For these reasons, I dissent.

Incidentally, additional evidence presented by Shelley Materials in the form of the testimony of geologist, Frank Tokar, supported a conclusion that there would be no hazard to existing or neighboring uses and there would be no impact to surface water, ground water, or any flora or fauna. This lends additional support to the conclusion that property values would not be impacted.